74 So.2d 549 (1954)
NATIONAL SURETY CORP.
v.
WINDHAM et al. (Two Cases).
Supreme Court of Florida. En Banc.
July 20, 1954.
Rehearing Denied September 23, 1954.
Keen, O'Kelley & Spitz, Tallahassee, for appellant.
B.L. Solomon, Marianna, A.K. Black, Lake City, for appellees.
MILLEDGE, Justice.
A building contractor, finding himself drunk in Live Oak and desiring to get to a sanitorium in Sealy Springs, Alabama, in order to obtain an alcoholic cure, agreed to pay a 16 year old boy named Windham $25 and his return bus fare to transport the contractor in his own car to the sanitorium. The boy's father consenting, the trip started. On the way the contractor, who had been asleep in the back seat, awoke and in a drunken attempt to climb over the seat and seize the steering wheel, caused the car to collide with a truck, hurting Windham.
Two judgments were obtained against National Surety Corporation, one in Suwannee County and one in Jackson County, on the proposition that Lawrence Windham, *550 a minor, came within the scope of an automobile liability policy issued by the appellant to the contractor. The part of this policy pertinent to this case, reads as follows:
"This policy does not apply: * * * (d) under coverages A & C, to bodily injury to or sickness, disease or death of any employee of the insured while engaged in the employment, other than domestic, of the insured or in domestic employment if benefits therefor are either payable or required to be provided under any workmen's compensation law * * *".
The appellant contends that Windham was an employee of the insured (not domestic) and, therefore, not within the terms of the policy. This contention seems to be based on these facts: The contractor told Windham to drive fast; once on the trip he told Windham to stop; he paid the boy some money and furnished a return bus ticket; and that Windham understood that he was subject to the contractor's orders.
We think that Windham was an independent contractor, rather than an employee. It is the right of control, not actual control or actual interference with the work, which is significant in distinguishing between an independent contractor and a servant, as the appellant has pointed out. 27 Am.Jur. 486.
The statement of Windham, a boy of 16 when the accident happened, that he "understood" that he was subject to the contractor's orders, has no significance. The latter's right to control depends upon the terms of the contract of employment of transportation. This contained nothing about control. The contractor cannot remember his conversation with Windham about the transaction other than that he was to pay $25 and the bus ticket "to deliver me to Sealy Springs". His condition, which was the necessity for the trip, shows that he was incapable of directing the manner of the driving and to "control" the operation. If he had been so capable he didn't need Windham at all. In fact, he wouldn't have had any reason to go to Sealy Springs. The contractor was merely human cargo, incapable of rational direction, but capable of causing trouble, as drunk persons frequently are. Before the accident, the contractor, in order to relieve himself, asked Windham to stop the car. Small children, on a journey, do the same. The manner in which the accident was caused, is the very antithesis of control. It is significant that the purpose of the trip had nothing to do with the contractor's business.
Even if the relationship here, is considered that of master and servant, we think that the judgments are correct. The contract of insurance should be construed most favorably to the insured. Only regular employees as distinguished from casual or incidental employees, are within the exclusion clause of the insurance contract. Daub v. Maryland Casualty Company, Mo. App., 148 S.W.2d 58.
While there were no conflicts in the evidence, there were several inferences which could be drawn from the facts. It was the duty of the judge in each case to do this. It is unnecessary to cite authority for the proposition concerning the weight to be given, on appeal, to the finding of fact by the trial judge. Both judgments, the one decided by Judge Welch in Jackson County, and the one decided by Judge Rowe in Suwannee County, are correct.
Affirmed.
ROBERTS, C.J., and HOBSON and DREW, JJ., concur.
TERRELL, THOMAS and MATHEWS, JJ., dissent.