SHANNON, Acting Chief Judge.
The appellant, plaintiff below, appeals a final judgment entered in favor of the Shelby Mutual Insurance Co., the garnishee in the lower court.
The plaintiff brought suit against the defendant, Samuel Speidel, claiming that the decedent was accidently killed while employed by Speidel, and obtained a judgment against him. The cause of the decedent’s death was a fall from a truck owned and 'operated by the defendant. A writ of garnishment was issued and served upon the insurance company which carried a standard automobile liability policy on Speidel. The insurer contended that this accident was excluded from coverage because the decedent was an employee of Speidel, and the trial court found in favor of the insurance company.
Among the exclusions of the insurance policy are the following:
“This policy does not apply:
* * * ’ * * • * *
“(d) Under Coverage A, to bodily injury to or sickness, disease or death of any employee of the insured arising out of and in the the course of
“(1) domestic employment by the insured, if benefits therefor are in whole or in part either payable or required to be provided under any Workmen’s compensation law, or
“ (2) other employment by the insured.”
Speidel did not have a sufficient number of employees to be required to carry workmen’s compensation insurance, hence the accident was not covered by this type of insurance.
The plaintiff contends that the policy does not exclude coverage from this accident because of the casual nature of the employment. The deceased was 80 years old, was retired, and was receiving social security benefits. Speidel operated a used furniture business and sometimes the deceased would accompany Speidel on trips to pick up or deliver furniture, helping him load or unload the truck. It was on one of these trips that the deceased was killed. Although the financial arrangements were quite informal, Speidel paid the decedent for his services, and planned to pay the decedent for his services on the particular trip during which the decedent was killed. Thus there is no doubt that the deceased was an employee of Speidel. .
As authority for the contention that this policy doesn’t exclude casual employment, the plaintiff cites National Surety Corp. v. Windham, Fla.1954, 74 So.2d 549. In this case a man who was intoxicated hired a young man to drive him somewhere in the man’s car. The young man was injured in an accident. The insurance policy had an exclusionary clause similar to Section (d) (1), but not Section (2), of the policy in the present case. The Court' found against the insurance company on the basis that the boy was an independent contractor, not an em *884 ployee. By way of dictum’the Court Stated that: “Only regular employees as distin.guished from casual or incidental employees, are within the exclusion clause of the insurance contract.” This case, however, was decided on the basis that the young man was an independent contractor, not an employee.
In Employers’ Liability Assurance Corp. v. Owens, Fla.1955, 78 So.2d 104, factually similar to the case on review, the Florida Supreme Court distinguished the National Surety Corp. case, supra, by the following language:
“In the case of National Surety Corporation v. Windham, Fla., 1954, 74 So.2d 549, the language of the exclusion clause was before this Court. The appellant contended that the claimant, who was injured by its insured, was not within the terms of the policy because he was an employee of the named insured engaged in employment at the time of injury and, therefore, excluded by reason of the clause (d). This contention was rejected by this Court because we found that the complainant Windham was an independent contractor instead of an employee of the insured. Implicit in this decision is the holding that an employee of a named insured, other than domestic, is not within the terms of the policy by reason of the exclusion clause.
“There are obvious reasons for differentiating between the public as a class and one’s own employees. Upon the authority of the foregoing cases it is clear that the appellee Owens was not within the coverage of the liability policy issued by the appellant to appel-leé Cooksey. Finding no merit to other contentions of the appellees the summary judgment against the appellant is reversed.”
Although the decedent did not receive a regular salary or work definite hours, he was employed by Speidel from time to time, and was paid for the assistance he gave to Speidel. The decedent was an employee as contemplated by the insurance policy and thus the exclusionary clause is applicable.
Affirmed.
ANDREWS, J., and WEHLE, VICTOR O., Associate Judge, concur.