179 So.2d 569 (1965)
Thelma GRIFFIN, individually and Thelma Griffin, as executrix of the Estate of James William Griffin, Plaintiff-Petitioner,
v.
Samuel SPEIDEL, d/b/a Speidel's Furniture, Defendant,
Shelby Mutual Insurance Company, Garnishee-Respondent.
No. 33920.
Supreme Court of Florida.
November 3, 1965.
*570 Fleming, O'Bryan & Fleming and Ronald FitzGerald, Fort Lauderdale, for petitioners.
Carey, Terry, Dwyer, Austin, Cole & Stephens and L. Fred Austin, Fort Lauderdale, for respondents.
O'CONNELL, Justice.
In this petition for certiorari, the petitioner, Thelma Griffin, contends that the decision of the District Court of Appeal, Second District, reported as Griffin v. Speidel, Fla.App. 1964, 167 So.2d 882, is in conflict with the decision of this court in National Surety Corporation v. Windham, Fla. 1954, 74 So.2d 549. We find conflict between these decisions. Although, the principal conflict arises out of obiter dictum in the latter case, such is, nevertheless, adequate to invoke this court's certiorari jurisdiction. Sunad, Inc. v. City of Sarasota, Fla. 1960, 122 So.2d 611; Shell v. State Road Department, Fla. 1961, 135 So.2d 857.
The facts of this cause are reflected in the district court's opinion. We will not repeat them here.
The question for decision is whether the policy of automobile liability insurance written by the respondent insuror for Samuel Speidel, decedent Griffin's employer, does or does not afford Speidel coverage, or indemnification, for liability arising out of Griffin's death. More specifically, the question is whether that clause in the policy excluding coverage for the insured's employees, or employment by him, excludes coverage for injury or death of a casual or incidental employee, as distinguished from a regular employee. The trial court and the district court held that it did.
In the opinion before us for review the district court rejected Mrs. Griffin's contention that the judgment of the trial court was contrary to the decision of this court in National Surety Corp., supra, in which case, by way of obiter dictum, it was said that:
"Only regular employees as distinguished from casual or incidental employees, are within the exclusion clause of the insurance contract."
In addition to its rejection of this statement from the National Surety Corp. case as authority because it was mere dictum, the district court also concluded that the exclusionary clause involved there was distinguishable, in that it contained no language comparable to section 2 of the clause involved herein. We disagree. While it is true that the exclusion clauses involved in National Surety Corp. and in this case differ in grammatical construction, their meaning and legal effect is precisely the same: to exclude from coverage all employees of the insured other than domestic employees not covered by workmen's compensation.
The result is that we have in the appellate jurisprudence of this state two decisions involving exclusion clauses of identical legal effect, which decisions contain directly opposite interpretations of the effect of said clauses as they relate to incidental or casual employees. We must resolve this conflict by determining whether such employees are or are not excluded from coverage by such an exclusion clause.
The exclusion clause in the National Surety Corp. case reads as follows:
"This policy does not apply: * * * (d) under coverages A & C, to bodily injury to or sickness, disease or death of any employee of the insured while engaged in the employment, other than domestic, of the insured or in domestic employment if benefits therefor are either payable or required to be provided under any workmen's compensation law * * *".
*571 The clause in the instant policy is arranged somewhat differently and reads:
"This policy does not apply:
"* * *
"(d) under Coverage A, to bodily injury to or sickness, disease or death of any employee of the insured arising out of and in the course of
(1) Domestic employment by the insured, if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law, or
(2) Other employment by the insured."
As we read these clauses the net effect of both is to exclude from the indemnification afforded through the policy liability incurred by the insured as a result of employment connected injury, sickness, disease or death of any employee, except an employee injured in domestic employment which employee is neither actually covered by nor required by law to be covered by workmen's compensation insurance.
The obvious intent and meaning of these exclusion clauses is to relieve the insuror of responsibility for liability incurred by the insured because of work connected injuries to his business, as distinguished from domestic, employees. Nowhere in the exclusion clauses, or elsewhere, do we find any reasonable basis for construing them to mean that the exclusion applies only to regular employees, but not to casual or incidental employees, as this court said in its dictum in the case of National Surety Corp. supra. While we are keenly aware of the long standing and well known rule that where interpretation is required by ambiguity in insurance contracts the insured will be favored, we find no room for the operation of that rule here.
We hereby recede from the above quoted dictum in the National Surety Corp. case.
The decedent Mr. Griffin was not engaged in the domestic employment of the insured at the time he met his death. The district court and the trial court were correct in holding that the respondent's insuror was not obligated to indemnify the insured for the judgment obtained against him by the petitioner.
We have not overlooked the explanation of respected commentators that the basic purpose of exclusion clauses, similar to the one involved here, is to exclude from coverage liability for injury or death to employees against which the insured motorist can be expected to protect himself elsewhere  usually by workmen's compensation insurance. 50 A.L.R.2d 78, 79; Appleman, Automobile Liability Insurance, pp. 196-97.
It seems to us that this explanation fails to dispose of the question before us. The exclusionary clause under discussion makes specific reference to workmen's compensation relative to domestic employment, but none whatever relative to nondomestic employment. The conclusion seems inescapable that the intent was to exclude from the policy's coverage all employees, other than domestic, whether or not of a category coming under workmen's compensation.
It is our opinion that the exclusion clause is clear and unambiguous. It excludes liability for all employment except domestic employment, and further excludes liability for domestic employment covered or required to be covered by workmen's compensation.
Except as noted herein the opinion of the district court is approved. The writ of certiorari is discharged.
It is so ordered.
THORNAL, C.J., and THOMAS, ROBERTS and DREW, JJ., concur.