303 So.2d 670 (1974)
Phillip Warren McRAE, D/B/a McRae Enterprises, and United States Fidelity & Guaranty Company, Appellants,
v.
James C. SNELLING, Appellee.
No. 74-317.
District Court of Appeal of Florida, Fourth District.
November 29, 1974.
Monroe E. McDonald of Sanders, McEwan, Mims & McDonald, Orlando, for appellants.
T.G. LaGrone, Orlando, for appellee.
OWEN, Chief Judge.
This is an automobile liability insurance case. The trial court held (erroneously as we shall see) that the "employee exclusion" was not effective to deprive the named insured employer of coverage against the claim of his injured employee.
Appellee-Snelling, an employee of Appellant-McRae, sustained personal injuries while a passenger in the latter's vehicle, allegedly due to the negligence of the driver, one Schwalm, also an employee of McRae. Snelling sued Schwalm, McRae, and the latter's automobile liability insurance carrier, Appellant-United States Fidelity & Guaranty Company. McRae and USF&G filed separate answers to the complaint, although through the same counsel. Schwalm was not served with process nor *671 did he voluntarily submit himself to the court's jurisdiction.
The court, acting upon a joint stipulation signed by counsel for plaintiff and for Defendants-McRae and USF&G, tried separately and without jury the issue of coverage. Thereafter, the court entered a partial judgment against USF&G, adjudging that the automobile liability insurance policy "does afford insurance coverage to the said defendants for the cause of action described in this cause."
Despite the apparent conflict between them on the coverage issue, both McRae and USF&G, represented by the same counsel, have appealed from this partial summary judgment and jointly contend that (1) there was no coverage for Schwalm, (2) there was no coverage for McRae, and (3) McRae had no legal liability to Appellee-Snelling because of the fellow servant doctrine. We feel that only the point labeled (2) relative to coverage for McRae is properly before us for disposition, although we will briefly comment on the other two.
The undisputed facts before the trial court established that at the time of Snelling's alleged injury (1) he and Schwalm were fellow employees engaged in the course and scope of their employment for McRae, and (2) the policy of insurance which USF&G had in effect on McRae's vehicle contained the following exclusion, commonly called the "employee exclusion":
"This policy does not apply:
* * * * * *
(d) under coverage A, to bodily injury to or sickness, disease or death of any employee of the insured arising out of and in the course of (1) domestic employment by the insured, if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law, or (2) other employment by the insured."
On these strikingly simple facts, the "employee exclusion" which we have quoted above is clearly applicable and excludes any coverage under the policy for McRae on the claim being made against him by his injured employee, Appellee-Snelling. Griffin v. Speidel, Fla. 1965, 179 So.2d 569; Employers' Liability Assurance Corp. v. Owens, Fla. 1955, 78 So.2d 104. Appellee's argument here to the effect that the language of the exclusion is vague and ambiguous ought to be laid to rest once and for all. In Griffin v. Speidel, supra, wherein this same argument was made as to an identical "employee-exclusion" clause, Mr. Justice O'Connell, writing for the court, stated at 571 of 179 So.2d:
"It is our opinion that the exclusion clause is clear and unambiguous. It excludes liability for all employment except domestic employment, and further excludes liability for domestic employment covered or required to be covered by workmen's compensation."
That the employee exclusion precludes coverage for McRae in this factual situation is in line with the results reached on this same question by the vast majority of jurisdictions throughout the country.[1] In fact, some courts have been so prone to apply this exclusion that they have applied it so as to deny coverage to any insured (either the named insured or an omnibus insured) for injury to an employee of any insured (either the named insured or an omnibus insured),[2] but in Florida, such clause is not effective to exclude coverage unless the person making the claim is the employee of the insured against whom the *672 claim is asserted.[3] As noted above, such is precisely the factual situation in this case, wherein Appellee-Snelling is the employee of the insured (McRae) against whom the claim is asserted.
Ironically, we note from the partial record before us that it does not appear that Defendant-USF&G pleaded the employee exclusion as a defense in its answer (and, of course, McRae certainly did not do so in his answer). Nonetheless, it is also clear from this partial record that the trial court considered the question of the applicability of the employee exclusion, because by express reference to such exclusion he ruled that it was "not susceptible to an interpretation that would deny coverage". In this respect, the trial court's judgment was in error and we expressly hold that under the facts of this case Appellant-McRae had no liability coverage under the policy issued by Appellant-USF&G for the claim which Snelling asserted against McRae.
We turn now to appellants' contention that it was error for the court to find that Schwalm had coverage under the policy. As we noted above, Schwalm was a named defendant, but the court never acquired jurisdiction over his person. Thus, while the judgment stated that the defendants had coverage under the policy, it is doubtful that the court intended to make any determination as to coverage for Schwalm since that issue would be moot. However, to avoid any confusion on the question of whether the court ruled on coverage for Schwalm, we speak briefly to that point. There could be no coverage under the policy for Schwalm as to the claim which Snelling made against him, because Schwalm simply was not an insured under the policy, i.e., he was not the named insured nor was he an omnibus insured under the omnibus clause because of the "cross-employee exception".[4] The trial court felt that our decision in Allison v. Imperial Casualty and Indemnity Company, Fla.App. 1969, 222 So.2d 254, supported his ruling, but it does not. The Allison case simply recognized that by virtue of this "cross-employee exception", the co-employee tort-feasor (Jerry Fripp) was not insured under the liability coverage of the automobile policy, and was, therefore, an "uninsured motorist" so as to activate the statutorily required uninsured motorist coverage of the policy. In the case at bar, Snelling makes no claim that he is entitled to uninsured motorist coverage under the policy.
Appellants' final point is that the court erred in not granting a summary judgment in favor of McRae on the affirmative defense based upon the fellow servant doctrine. This point is not properly before us. The record fails to show that the court considered the issue, but more importantly, we have no jurisdiction to consider an interlocutory appeal from an order denying a motion for summary judgment in this action. Rule 4.2, F.A.R.
The order appealed is reversed and this cause remanded for further proceedings consistent herewith.
Reversed and remanded.
CROSS and DOWNEY, JJ., concur.
NOTES
[1] Those wishing to research this matter further will find all of the cases throughout the country collected and abstracted in Risjord and Austin, Automobile Liability Insurance Cases, 2d Ed., indexed under Chap. 35, Liability Coverages-Exclusions-Employee.
[2] A number of these cases are collected and discussed in the article by Risjord and Austin, "Who is `the Insured'", XXIV University of Kansas City Law Review 65 (Fall Issue 1955).
[3] Shelby Mutual Insurance Co. v. Schuitema, Fla.App. 1966, 183 So.2d 571 (cert. disch. Fla. 1967, 193 So.2d 435).
[4] The cross-employee exception to the omnibus clause in the USF & G policy was in language identical to the policy involved in the case of General Insurance Company of America v. Reid, Fla.App. 1968, 216 So.2d 41. Therein, we pointed out why, under such exception to the omnibus clause, there was no coverage for an employee for injury to another employee of the same employer injured in the course of such employment arising out of the use of the automobile in the business of the employer, precisely the factual situation here as concerns the question of coverage for Schwalm.