333 So.2d 507 (1976)
Robert L. HAAG, Appellant,
v.
Larry Richard PHILLIPS and Travelers Insurance Company, Appellees.
No. 75-1504.
District Court of Appeal of Florida, Second District.
June 18, 1976.
George O. Kluttz of Pavese, Shields, Garner, Haverfield & Kluttz, Fort Myers, for appellant.
James A. Franklin, Jr., of Henderson, Franklin, Starnes & Holt, Fort Myers, for appellees.
*508 McNULTY, Chief Judge.
Plaintiff/appellant Haag was a passenger in a motor vehicle driven by defendant/appellee Phillips. He sustained injuries when their car collided with an uninsured motor vehicle. Both were acting within the scope of their employment as employees of a mobile home corporation which was insured by appellee Travelers. Haag settled out his Workmen's Compensation claim as against his employer and brought this independent action against Phillips personally, joining Travelers.
Phillips defaulted but appellee Travelers filed a motion for summary judgment, relying principally on exclusions in its policy which disclaimed liability where there was Workmen's Compensation coverage and a co-employee exception. On the day of the hearing on the motion, however, appellant filed a motion to amend his complaint to plead coverage under the uninsured motorist provision of the policy. The trial court disallowed the amendment and entered a summary judgment in favor of Travelers, from which this appeal is taken. We reverse.
Appellant concedes that under the authority of McRae v. Snelling[1] the Workmen's Compensation and co-employee exclusions under the policy would bar his claim herein against Phillips. He contends nevertheless, however, and we agree, that in the spirit of liberality, amendments to pleadings should be freely granted.[2] Particularly is this so very early on in the proceedings (and surely at or before a motion for summary judgment is sought) when, as here, no prejudice to the other side is shown and a cause of action may well be viable. So he insists that in the interest of justice he be permitted to plead himself within the uninsured motorist coverage of Travelers' policy.
Now the trial court may well have determined that the uninsured motorist provisions of the policy herein were inapplicable, although the record is silent as to this. In any event, the conditions precedent to their applicability vel non were never injected into the case since the court declined to permit an amendment to establish them as issues. For instance, the record is silent as to whether the appellee Phillips was personally insured which, if he were, might affect the "uninsured" nature of the claim against Travelers.
Additionally, supplemental briefs requested by this court reveal that Workmen's Compensation benefits already paid to Haag exceed the $10,000 limit of liability under the uninsured motorist provision of the policy. Accordingly, Travelers contends that Haag's claim is now moot since the foregoing limits "shall be reduced" by any amounts paid or payable under the Workmen's Compensation law. Haag counters, on the other hand, that the policy herein may well be a multi-vehicle policy and that, if he meets the criteria of Tucker v. Government Employee's Insurance Company,[3] he may be able to "stack" two or more limitations of liability.
We decline at this time to decide the validity of either of these contentions. The record simply doesn't adequately pose the issues to be decided nor the factual framework upon which they are predicated. Justice and the spirit of the amendment rule require that we reverse so as to permit plaintiff/appellant Haag to amend as he requested. The trial court will then have before it the real controversy remaining between the parties and the record will permit further review if that be deemed necessary.
In view whereof, the judgment appealed from should be, and it is hereby, reversed; and the cause is remanded for further proceedings not inconsistent herewith.
BOARDMAN and GRIMES, JJ., concur.
NOTES
[1] (Fla.App.4th, 1974), 303 So.2d 670.
[2] See Rule 1.190(a), RCP.
[3] (Fla. 1973), 288 So.2d 238.