379 So.2d 1322 (1980)
William C. BREWER, Appellant,
v.
Louis CUETO and Nellie Cueto, D/B/a Magnolia Corner and the Retreat, and Employers Insurance of Wausau, Appellees.
No. QQ-415.
District Court of Appeal of Florida, First District.
February 15, 1980.
*1323 Kurt Preston Hampp, of Jacobs, Robbins & Gaynor, St. Petersburg, for appellant.
Ivan Matusek, St. Petersburg, for appellees.
PER CURIAM.
Brewer appeals an order of the Judge of Industrial Claims, finding him to be an independent contractor not entitled to benefits under the Florida Workmen's Compensation Act. He was injured while painting a multi-storied building which the Cuetos intended to use as a rooming house. The Cuetos denied liability, asserting Brewer to be an independent contractor. Brewer alleged that he was a day laborer, and we agree. There was no contract between the parties for the completion of a specific project; the materials and tools were supplied by the Cuetos; Brewer was paid at the end of each day; and, most important, the Cuetos had the absolute right to terminate their relationship without liability. That is, Brewer could not come back and force a right to complete the job; such a right did not exist. As we stated in Lindsey v. Willis, 101 So.2d 422 (Fla. 1st DCA 1958), whether or not an individual is an independent contractor ultimately turns on the power to control. There, we cited with favor Larson, Law of Workmen's Compensation, § 44.35, which states in part:
"Such power ... is indisputably an evidential element which tends strongly to show the person employed is not an independent contractor."
See also 41 Am.Jur.2d 743, § 5, "Independent Contractors, Indicia of Relationship."
REVERSED.
MILLS, C.J., and McCORD, J., concur.
BOOTH, J., dissents with an opinion.
BOOTH, Judge, dissenting.
I dissent from this court's retention of jurisdiction in this case, which arose outside the territorial jurisdiction of the court. See Crews v. Town of Bay Harbor, 378 So.2d 1265 (Fla. 1st DCA 1979).
On the merits, I would concur in the majority's opinion.