387 So.2d 1035 (1980)
SOUTH SEAS PLANTATION, LTD., Appellant,
v.
Hipolito ACEVEDO, Appellee.
No. QQ-239.
District Court of Appeal of Florida, First District.
September 15, 1980.
Alex P. Lancaster of Dickinson, O'Riorden, Gibbons, Quale, Shields & Carlton, Sarasota, for appellant.
Robert A. Pierce, Tallahassee, for appellee.
Peter C. Burkert of Henderson, Franklin, Starnes & Holt, Fort Myers, for intervenors.
McCORD, Judge.
This appeal is from an order of the Judge of Industrial Claims directing appellant employer to pay workers' compensation benefits to appellee claimant. We reverse.
Intervenor, Mariner Properties, Inc., is the general partner and managing partner of South Seas Plantation, Ltd., a limited partnership and appellant here. As general partner, Mariner conducts the day-to-day business of the partnership and receives a share of the partnership profits. Appellant partnership is engaged in the business of developing property. While engaged in the development of "Beach Villas," a condominium project being developed by appellant on land owned by it, Mariner, as managing partner, hired Angelo Avila to clear brush from certain land. Avila hired a number of laborers, including appellee Acevedo to perform the brush clearing job. Appellee was injured while working on that job.
Avila had been hired before by Mariner to perform specified land-clearing projects, and appellee often was one of Avila's laborers on those projects. There is competent substantial evidence to support the Judge of Industrial Claims' finding that appellant had no direct control over Avila and his men. The findings of the judge in this regard are as follows:
... I have viewed the totality of the evidence and I specifically find that at the time of the accident, the extent of control exercised by MARINER PROPERTIES' personnel over the activities of the employees of ANGELO AVILA consisted of observing the work in progress and inspecting the completed work. If any discrepancies were found, they were communicated to the foreman, who was usually ANGELO AVILA, and in his absence, the Claimant, HIPOLITO ACEVEDO. There was no direct control concerning the manner of accomplishing the task. I find that such contact as existed between the employees of MARINER PROPERTIES, INC. and the foreman, ANGELO AVILA, was consistent with *1036 the type of work and labor being performed which required certain manual dexterity.
The tools necessary for the accomplishment of the work, including a truck, were provided by ANGELO AVILA and that payment for services performed was made by invoice directly from ANGELO AVILA, who then paid his employees. The basis of payment was the number of man hours of work performed and it was left to the discretion of ANGELO AVILA as to how many men he brought to the job for the accomplishment of the work pursuant to the oral contract. MARINER PROPERTIES, INC., as general partner and agent for SOUTH SEAS PLANTATION LIMITED, had no direct control over the time or date on which ANGELO AVILA reported with his work crew to perform the contract, nor could they require his continued presence until the completion of any tasks beyond the initial contract period. It is apparent from the testimony that MARINER PROPERTIES, INC. did not have the ability to discharge or terminate an individual employee, but merely to make any complaints or demands upon the subcontractor, ANGELO AVILA, or the foreman present on the job during ANGELO AVILA's absence; in this case, the Claimant, HIPOLITO ACEVEDO, and thereafter terminate the services under the contract of the entire crew.
We disagree with the judge's finding or conclusion that "at the time of the accident, ANGELO AVILA was an independent subcontractor providing semi-skilled labor services to SOUTH SEAS PLANTATION, LTD., pursuant to oral contracts made with MARINER PROPERTIES, INC., acting as agent for SOUTH SEAS PLANTATION, LTD." insofar as he found Avila to have been a subcontractor. By virtue of this finding, the judge required appellant to pay workers' compensation benefits to appellee pursuant to § 440.10(1), Florida Statutes (1977), which in pertinent part states as follows:
"... In case a contractor sublets any part or parts of his contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment, and the contractor shall be liable for and shall secure the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment ..."
Avila had not secured payment of compensation to appellee so the judge, considering him to be a subcontractor, awarded compensation to appellee against appellant as the contractor.
The keystone issue on this appeal is the question of whether or not a contractor-subcontractor relationship existed between appellant and appellee's employer Avila. Only if such a relationship existed is appellee entitled to receive compensation from appellant. Since appellant had no primary obligation under a contract which it passed on to Avila as subcontractor, Avila cannot be classified as a subcontractor. See Jones v. Florida Power Corporation, 72 So.2d 285 (Fla. 1954); State v. Luckie, 145 So.2d 239 (Fla. 1 DCA 1962). In construing the statute involved here, this Court, in Luckie, stated as follows:
It seems clear from the facts in this case that Auchter occupies the position of primary employer and owner of the land and the improvements sought to be constructed thereon. The fact that it is also a licensed general contractor engaged in the construction industry would appear to be of no importance, and has no controlling effect upon the interpretation to be placed upon the pertinent statute under consideration. In order for Auchter to be considered a contractor within the meaning and intent of the statute it would have to be bound by a contractual obligation to build for some third party the improvements which were in the process of construction at the time Swain was injured. By the same token Florida Steel could not be held to be a subcontractor within the meaning of the statute unless it can be established that Auchter passed *1037 on to Florida Steel an obligation under a contract for which Auchter was primarily obligated.
The above ruling is equally applicable to the case here before us except that here the facts militating against a finding of a contractor-subcontractor relationship is stronger because there is no indication that either appellant partnership or one of its partners, Mariner, was a licensed general contractor.
Appellee and the Judge of Industrial Claims both relied upon Allison Developments, Inc. v. Rudasill, 202 So.2d 752 (Fla. 1967). That case is not applicable to the situation here before us, however, because it appears from that opinion that Allison contracted with a purchaser to build a home and then sub-contracted with others to perform certain parts of the construction.
REVERSED.
MILLS, C.J., concurs.
BOOTH, J., dissents without written opinion.