389 So.2d 1220 (1980)
Fanny HAMMEL, D/B/a Royal Construction Cleaning/Century Village East, Inc., Appellants,
v.
Florence PITTMAN, Appellee.
No. SS-214.
District Court of Appeal of Florida, First District.
November 4, 1980.
*1221 Thomas E. Kingcade of Levy, Plisco, Perry, Shapiro, Kneen & Kingcade, P.A., Palm Beach, and Randall J. DeHayes, House Counsel, West Palm Beach, for appellants.
Louisa Smith-Adam of Montgomery, Lytal, Reiter, Denney and Search, P.A., West Palm Beach, for appellee.
PER CURIAM.
Century Village East, Inc. appeals the deputy's order finding that appellee was an employee of Fanny Hammel, d/b/a Royal Construction Cleaning and that Fanny Hammel was a subcontractor of Century Village East, Inc., the owner and general contractor responsible for workers' compensation coverage for the appellee. We fully agree that claimant was not an independent contractor, but we must reverse on the ground that Century Village East, Inc. is not an employer within the meaning of Section 440.10(1), Florida Statutes (1977).
The status of an independent contractor depends upon the parties' dealings with each other and the existence of a sufficient group of favorable factors to establish the relation. Cantor v. Cochran, 184 So.2d 173, 174 (Fla. 1966). Although there were factors pointing in each direction, suffice it to say that the regularity of appellee's employment, the type of labor performed, and Hammel's ability to fire appellee without liability, justify the finding of an employer-employee relationship versus an independent contractor relationship. Cantor v. Cochran; Brewer v. Cueto, 379 So.2d 1322 (Fla. 1st DCA 1980).
Although the deputy properly concluded that appellee was an employee of Hammel, this does not settle the issue of whether Century Village East, Inc. was liable to appellee for workers' compensation benefits. The evidence revealed that Century Village East, Inc. was not only the general contractor, but that it was building condominiums for itself for resale. Under Section 440.10, in case a contractor sublets any part of his contract work to a subcontractor, all of the employees of the subcontractor engaged on such work are deemed to be employed in the same business, and the contractor is liable for payment of workers' compensation to the employees, except to employees of a subcontractor who has secured the same. In this instance there is no contractor-subcontractor relationship between Century Village East, Inc. and appellee's employer, Hammel, because Century Village East, Inc. had no primary obligation under a contract, which it passed on to Hammel as subcontractor. Jones v. Florida Power Corporation, 72 So.2d 285 (Fla. 1954); Southseas Plantation, Ltd. v. Acevedo, 387 So.2d 1035 (Fla. 1st DCA 1980); State v. Luckie, 145 So.2d 239 (Fla. 1st DCA 1962). Accordingly, that portion of the order requiring Century Village East, Inc., as employer, to pay workers' compensation benefits must be reversed.
ROBERT P. SMITH, Jr., BOOTH and SHAW, JJ., concur.