431 So.2d 249 (1983)
Mary Francis LEE and Philip H. Lee, Husband and Wife, Appellants,
v.
AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS, Appellee.
No. AN-7.
District Court of Appeal of Florida, First District.
May 9, 1983.
Rehearing Denied June 1, 1983.
*250 Louis K. Rosenbloum and James A. Hightower of Levin, Warfield, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, Pensacola, for appellants.
Thomas E. Wheeler, Jr. and Robert D. Bell of Fisher, Bell, Hahn, Winn & Schuster, Pensacola, for appellee.
JOANOS, Judge.
Mary Francis Lee and Philip H. Lee appeal a summary final judgment in favor of American Family Life Assurance Company of Columbus ("American"), the defendant below. We affirm.
The Lees filed a complaint against American alleging, among other things, that while Mrs. Lee was on the premises of her employer, Sacred Heart Hospital, in the course of her employment duties, American's agent or employee negligently placed a metal filing cabinet in a position which obstructed the passageway in the hospital corridor causing her to stumble over the filing cabinet and fall. American answered denying that its employee or agent was on the hospital premises.
In her deposition, Mrs. Lee said the accident occurred at about 4:15 p.m. While on her way to another department of the hospital, she opened the door leading into the main lobby and fell. A metal file cabinet was in the hallway and books and papers were scattered about. A man stood nearby with a utility cart. He apparently had left the cabinet in the hallway and Mrs. Lee tripped over it. The man, whom she later learned was Taylor Maddox representing American, told her he was in the hospital "representing the insurance for the employees."
Taylor Maddox testified in his deposition that he had been an insurance agent or district manager for American since December, 1975, pursuant to two contracts, an associate's agreement and an agent's contract. He had been at Sacred Heart Hospital soliciting cancer and intensive care insurance among hospital employees on the day Mrs. Lee was injured.
The question determined by the trial court on summary judgment was whether a genuine issue of material fact existed as to Taylor Maddox's status as either an independent contractor, in which case there would be no liability on the part of American, or an agent or employee of American, in which case there could be liability. The lower court granted summary judgment in favor of American.
The parties agree that the right of control over the manner of performance of duties distinguishes an agent from an independent contractor, relying on National Surety Corp. v. Windham, 74 So.2d 549 (Fla. 1954) and Collins v. Federated Mutual Implement and Hardware Insurance Co., 247 So.2d 461 (Fla. 4th DCA 1971) cert. denied 249 So.2d 689 (Fla. 1971). Appellant points out that a statement in an agreement that the existing relationship is that of independent contractor is not dispositive of the issue. Sapp v. City of Tallahassee, 348 So.2d 363 (Fla. 1st DCA 1977). The court in *251 Sapp stated that "[w]hile agency is normally a contractual relationship created by agreement of the parties, it may also be inferred from past dealings between the parties." 348 So.2d at 367.
We have reviewed the deposition testimony of Taylor Maddox as to his working relationship and dealings with American as well as the two contracts which define the respective rights and duties of Maddox and American and have found no indication that American asserted a right to control Maddox in the manner in which he performed his work. Appellant focuses particular attention on the contractual requirement that Maddox use only promotional and printed materials approved by American. This does not indicate a right to control mode of performance, rather it relates to the substance of the work contracted to be performed, as do the provisions dictating the amounts of premiums to be collected and the commissions earned. Appellant also relies on authority which states that the ability to terminate the relationship at will without incurring liability is an indication, although not conclusive, that the person employed is not an independent contractor. Cantor v. Cochran, 184 So.2d 173 (Fla. 1966); Hammel v. Pittman, 389 So.2d 1220 (Fla. 1st DCA 1980); Brewer v. Cueto, 379 So.2d 1322 (Fla. 1st DCA 1980); Farmers & Merchants Bank v. Vocelle, 106 So.2d 92 (Fla. 1st DCA 1958); Lindsey v. Willis, 101 So.2d 422 (Fla. 1st DCA 1958). In the present case, however, although either party could terminate the relationship for any reason with thirty days notice, should American terminate Maddox, American would continue to be liable to Maddox for renewal commissions which had already vested for the policies Maddox had generated.
Neither the remaining contractual provisions nor the dealings between Maddox and American show a deviation from the independent contractor status set out in the written agreements. Thus American succeeded in showing no genuine issue of material fact existed as to Maddox's status.
Appellant's apparent agency theory will not be considered for the first time in this court.
The summary final judgment is AFFIRMED.
SHIVERS and WENTWORTH, JJ., concur.