MILLS, Judge.
The controversy in this workers’ compensation case centers around whether Orcutt was an employee or an independent contractor. The deputy commissioner, after hearing the evidence, found that Orcutt was an independent contractor, thus, not entitled to workers’ compensation benefits. We reverse.
Although there was conflicting evidence on the issue, an examination of the record discloses the following factors which indicate the existence of an employer-employee relationship: (1) all materials used by Or-cutt were provided by Environmental Technologies; (2) he was paid an hourly wage instead of on a per job basis, and was paid every two weeks; (3) Logsdon, Orcutt’s supervisor, provided him with most of the tools used on the job; (4) the work place was provided by Environmental Technologies; (5) Orcutt took work breaks with the regular employees; (6) at the time of his injury, he had already completed the job for which he originally had been hired; and (7) Environmental Technologies had an absolute right to terminate the relationship at any time without liability.
Based on this evidence, especially on the fact that Environmental Technologies had the absolute right to fire Orcutt, we see no meaningful distinction between this case and Brewer v. Cueto, 379 So.2d 1322 (Fla. 1st DCA 1980). The deputy erred in finding that Orcutt was an independent contractor rather than an employee.
Reversed and remanded for further proceedings.
SHIVERS, J., concurs.
BOOTH, J., dissents with opinion.