SHIVERS, Judge.
Alan Strickland appeals summary judgment in favor of appellee, Progressive American Insurance Company. We reverse.
Appellant Strickland was injured when a tire he was mounting on a truck for appel-lee Abrams (d/b/a Gulf Trucking) exploded. Strickland filed suit against Abrams and Gulf Trucking, alleging that the tires had been negligently prepared for mounting by employees of Abrams, resulting in the explosion. Strickland also sued Progressive American Insurance Company (Progressive American), alleging that he was a third party beneficiary of an automobile liability insurance policy issued to Abrams and Gulf Trucking. After depositions were taken of Abrams and Strickland, Progressive American moved for summary declaratory judgment, claiming that there were no disputed issues of fact, that the depositions showed that Strickland was employed by Abrams at the time of the injury, and that the policy of insurance issued to Abrams excluded coverage for injuries to employees. The exclusionary language contained in the policy reads as follows:
Liability coverage does not apply to:
5. Bodily injury to an employee of an insured person arising in the course of employment. This exclusion does not apply, however, to bodily injury to domestic employees who are not entitled to Worker’s Compensation benefits.
After a hearing on the motion, the circuit court issued an order finding (1) that there were no disputed material facts, and (2) that Strickland’s legal status was that of a day laborer or casual employee as controlled by Griffin v. Speidel, 179 So.2d 569 (Fla.1965), and Brewer v. Cueto, 379 So.2d 1322 (Fla. 1st DCA), cert. denied, 388 So.2d 1111 (Fla.1980). Final summary judgment was entered in favor of Progressive American and this appeal ensued.
Appellant Strickland argues on appeal that independent contractors, as opposed to employees, are covered under the insurance policy and are not affected by the exclusion and that the depositions of Abrams and *526 Strickland indicate several disputed issues of fact as to whether Strickland was an employee or an independent contractor. We agree.
In National Surety Corp. v. Windham, 74 So.2d 549 (Fla.1954) (which involved a policy exclusion almost, identical to the exclusion in the instant case) the supreme court found that the plaintiff was an independent contractor rather than an employee and, thus, came within the scope of the policy coverage. In so doing, the court stated, as dicta, “[o]nly regular employees as distinguished from casual or incidental employees, are within the exclusion clause of the insurance contract.” 74 So.2d at 550. Eleven years later, in Griffin v. Speidel, 179 So.2d 569 (Fla.1965), the supreme court expressly receded from its National Surety dicta, stating:
Nowhere in the exclusion clauses, or elsewhere, do we find any reasonable basis for construing them to mean that the exclusion applies only to regular employees, but not to casual or incidental employees, as this court said in its dictum in the case of National Surety Corp. supra.
179 So.2d at 571.
We find nothing in the Griffin decision which would indicate, as suggested by ap-pellee, that the Griffin court abandoned National Surety in its entirety or that the exclusionary language also applies to exclude coverage of independent contractors. Although the court in Griffin expressly receded from its dicta in National Surety, its finding that plaintiff was an independent contractor and, thus, covered by the policy, was left unchanged by Griffin. Therefore, the issue in this appeal remains whether the undisputed facts indicate, as a matter of law, that Strickland was an employee of defendant Abrams. We believe they do not.
In Cantor v. Cochran, 184 So.2d 173 (Fla.1966), the supreme court articulated the ten tests found in 1 Restatement of the Law, Agency (2d Éd.) § 220, for determining whether one is an employee or an independent contractor. In addition to those in Cantor, the courts have considered other factors such as the presence or absence of a contract for the completion of a special project, Brewer v. Cueto, supra; the right to terminate the relationship without liability, Brewer v. Cueto; Farmers & Merchants Bank v. Vocelle, 106 So.2d 92 (Fla. 1st DCA 1958); and the worker’s right to refuse a job without reprisal. Jean M. Light Interviewing Services, Inc. v. State, 254 So.2d 411 (Fla. 3d DCA 1971). The courts have consistently stated, however, that the most significant factor in determining that one is an employee, is the right to control the work by the party being served, as opposed to actual control or interference with the work. National Surety Corp., supra; Vocelle, supra; Brewer, supra; Magarian v. Southern Fruit Distributors, 146 Fla. 773, 1 So.2d 858 (1941).
The depositions of Abrams and Strickland show the presence of several disputed issues of fact material to whether Strickland was an employee or an independent contractor, including the method of payment (whether by the job or by the hour), and whether Strickland maintained regular working hours. Further, the undisputed facts (that no record was kept of Strickland’s hours, no taxes were withheld from his wages, no workers compensation insurance was provided, and that Abrams considered Strickland an employee) are capable of leading to different inferences. Aldridge v. Yellow Cab of Gainesville, Inc., 448 So.2d 1129 (Fla. 1st DCA 1984). Most important, however, is the absence of evidence as to Abrams’ right to control Strickland’s work. For the above reasons, we reverse the circuit court’s order granting summary judgment in favor of Progressive American Insurance Company and remand for a jury trial on the issue of appellant’s status.
REVERSED and REMANDED.
SMITH and WIGGINTON, JJ., concur.