978 So.2d 817 (2008)
Charles DUNLAP, Appellant,
v.
CSR RINKER TRANSPORT and Rinker Transport and/or Norma Deal Trucking and/or Roger Bartolo, Appellees.
No. 1D06-6631.
District Court of Appeal of Florida, First District.
February 29, 2008.
Rehearing Denied April 11, 2008.
*818 Laurie Thrower Miles of Smith, Feddeler, Smith & Miles, P.A., Lakeland; Susan W. Fox of Fox & Loquasto, P.A., Tampa; and Wendy S. Loquasto of Fox & Loquasto, P.A., Tallahassee, Attorneys for Appellant.
Richard A. Sherman, Sr., of the Law Offices of Richard A. Sherman, P.A., Fort Lauderdale; James B. Birmingham of Fulmer, LeRoy, Albee, Baumann & Glass, P.L.C., Orlando, Attorneys for Appellees.
THOMAS, J.
In the case we have before us, Claimant appeals an order from the Judge of Compensation Claims (JCC) denying his claim that Appellee Rinker Transport (Rinker) is his statutory employer under section 440.10(1)(b), Florida Statutes (2001). Although we agree with Claimant that the JCC failed to conduct the proper analysis, we affirm on other grounds.
The record reflects Claimant was injured while working as a mechanic for Norma Deal Trucking (Norma Deal), which did not have workers' compensation insurance. Claimant argued below that Rinker had a contractual duty with third parties to haul materials and sublet a part of these duties to Norma Deal. Accordingly, Claimant believes that Norma Deal was a subcontractor of Rinker; thus, Rinker qualifies as his statutory employer under section 440.10(1)(b). This designation is important because a general contractor is responsible for providing workers' compensation benefits to any employee of an *819 uninsured subcontractor working on its job sites. See § 440.10(1)(b), Fla. Stat. (2001).
Here, the JCC found that "Norma Deal Trucking was not a subcontractor of [Rinker] as [Norma Deal] was an independent corporation." We agree with Claimant that this is the incorrect test to determine whether Norma Deal is a subcontractor of Rinker. The fact that the two companies are wholly independent of each other is irrelevant in determining whether one is a subcontractor of the other. See, e.g., Gator Freightways, Inc. v. Roberts, 550 So.2d 1117, 1118 (Fla.1989) ("The contract between Reason and Gator specifically recites that Reason is an independent contractor."). However, because we find that Appellant's claim would fail even if the proper analysis had been conducted, we affirm the trial court's order. See Dade County Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 644 (Fla.1999) ("if a trial court reaches the right result, but for the wrong reasons, it will be upheld if there is any basis which would support the judgment in the record.").
We write to explain that the proper inquiry can be found in both the language of the statute and in prior decisions of this court. Section 440.10(1)(b), Florida Statutes (2001), provides in pertinent part:
In case a contractor sublets any part or parts of his or her contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment; and the contractor shall be liable for, and shall secure, the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment.
(Emphasis added.) This section is designed to ensure that employees engaged in the same contract work are covered under workers' compensation, regardless of whether they are employees of the general contractor or its subcontractor. Andrews v. Drywall Enters., 569 So.2d 821, 823 (Fla. 1st DCA 1990).
"To be a contractor under [section 440.10(1)(b)], one must have a contractual obligation to perform some work for another." Miami Herald Publ'g v. Hatch, 617 So.2d 380, 382 (Fla. 1st DCA 1993) (citing Acme Oil v. Vasatka, 465 So.2d 1314, 1317 (Fla. 1st DCA 1985)). The party's "primary obligation in performing a job or providing a service must arise out of a contract," and this primary obligation "refers to an obligation under the prime contract between the contractor and a third party. . . ." Id. (internal citations omitted) (emphasis in original); see also Jones v. Fla. Power Corp., 72 So.2d 285, 289 (Fla. 1954) (holding the general contractor must have a contractual obligation which it passes on to another); Hammel v. Pittman, 389 So.2d 1220 (Fla. 1st DCA 1980) (holding there was no contractor-subcontractor relationship between the two entities because the "contractor" had no primary obligation under a contract that was passed on to the alleged "subcontractor"); Woods v. Carpet Restorations, Inc., 611 So.2d 1303, 1304 (Fla. 4th DCA 1992) ("It is absolutely basic, therefore, that one cannot be a `contractor' (and thus a statutory employer) within the meaning of this statute unless the `contractor' has a contractual obligation, a portion of which is sublet to another.").
Here, there is no evidence whatsoever that Rinker was performing a contractual obligation for any third party when it took its trailers to Norma Deal for mechanical repairs. The "primary obligation" of the contract entered into between Rinker and its customers was to *820 deliver materials from Point A to Point B, not to ensure that its trailers were in working order. Thus, despite the fact that Claimant may have been working on a Rinker trailer at the time of his injuries, he was not "engaged in such contract work," as promulgated under section 440.10(1)(b), or involved in the "primary obligation" passed from Rinker to Norma Deal, as required by our case law. See Hatch, 617 So.2d at 382; Hammel, 389 So.2d at 1221. Under the facts of this case, we find that Norma Deal cannot be considered Claimant's statutory employer.
Accordingly, the JCC's order is AFFIRMED.
POLSTON and HAWKES, JJ., concur.