O’CONNELL, Justice.
Sol Goldstein, the petitioner, filed a claim for workmen’s compensation benefits. The Deputy found that the petitioner-claimant “was not covered by workmen’s compensation” on the date of claimant’s injury and dismissed the claim. The Full Commission affirmed the Deputy’s order. The claimant seeks review here.
*439 Although the parties, by stipulation, presented to the Deputy only the question of whether claimant was an employee, the Deputy seems to have decided two questions, i. e., (1) that claimant was not an employee of Gray Decorator’s, Inc., but was an equal partner of Bernard Segal; and (2) that claimant had not intended to be covered by workmen’s compensation.
We will consider both questions; and, in so doing, it is necessary to cite the facts which follow.
In September, 1961, claimant and Bernard Segal caused the formation of Gray Decorators, Inc., as a Florida corporation. Claimant provided the corporation with money, several hundred dollars worth of machinery and other personal property. It Is not clear from the record whether this advance of money and property was in the nature of a loan or a gift, but it is immaterial to our decision. Claimant received no stock in the corporation, but he and Mr. Segal had agreed that, if and when claimant had solved certain business problems, and the corporation was operating successfully, claimant would have the right to receive one half of the capital stock of the corporation. This event never occurred.
At no time did claimant ever own any stock or hold any office in the corporation. Bernard Segal was President of the corporation. Mr. Segal and claimant each drew a net salary of $125.00 per week. Claimant was carried on the corporate payroll records as a salesman, and that he performed such duties is not disputed. On November 8, 1961, claimant was injured, admittedly in the performance of the corporation’s business.
Thereafter, the claimant was unable to work steadily. He was not paid during the time that he did not work. In April, 1962, he was discharged by Mr. Segal who testified that he fired claimant because he was no longer an asset to the business.
When the corporation was formed, a workmen’s compensation policy was issued by an agent named Cain. After a few weeks, this policy was cancelled, and on October 10, 1961, Mr. Cain wrote the policy of the respondent-carrier, which was in force on November 8, 1961, the date of claimant’s injury. Both of these policies covered all the employees of Gray Decorators, Inc.
The carrier’s agent, Mr. Cain, testified that immediately after the policy was written, the claimant and Mr. Segal requested that they be excluded from coverage under the policy in order to reduce the policy premium. Mr. Cain testified that he notified the carrier to exclude the two men on January 12, 1962, and, by endorsement on the policy, they were excluded from it on March 23, 1962. Mr. Cain testified over claimant’s objection that claimant signed a waiver of coverage under the policy, but the waiver was not introduced in evidence. The testimony does not indicate whether the alleged waiver was signed prior to or after claimant’s injury, or whether, if executed after the injury, it waived rights already accrued.
In his order, the Deputy found that although claimant and Bernard Segal formed Gray Decorator’s, Inc. and operated the business as a corporation, nevertheless, the claimant “was for all intents and purposes an ‘equal’ partner with Mr. Segal.” The Deputy stated that claimant’s activities in forming the corporation and furnishing property to it were not consistent with an employee-employer relationship.
Notwithstanding these findings, the Deputy based his decision that claimant was not entitled to benefits under the act, not on the question of his status as an employee, but on a finding that claimant did not intend to be covered by workmen’s compensation. This is apparent in the Deputy’s order for after discussing claim *440 ant’s contention that he was an employee rather than an executive, the Deputy said:
“This self analysis cannot be sustained although in and of itself it does not enure to his detriment. However, it is very evident that the clear intent of both Mr. Goldstein and Mr. Segal was that they would not be covered under workmen’s compensation in order to save premium costs and said decision was made prior to the accident which allegedly occurred on November 8th, 1961.”
“Wherefore, it is the ruling of the undersigned Deputy Commissioner that Mr. Goldstein was not covered by workmen’s compensation on said November 8, 1961 and, therefore, his claim for benefits is hereby dismissed.” (Emphasis added.)
It makes no difference whether the Deputy denied the claimant benefits on the theory that he was not an employee of the respondent corporation, or on the theory that he had waived the benefits of the act. The record and the applicable law do not sustain the order under either theory.
The facts of this case show that the claimant was an employee of the corporation. Mr. Segal, the President of the corporation who appeared as a witness for the carrier, when asked if claimant worked for him, stated that “He worked for me. He worked for Gray Decorators, Incorporated.”
Other than the evidence of claimant’s efforts in the formation of the corporation, his making a loan or contribution of money and equipment to it, and his contingent right to receive shares of stock in the corporation at a later date, there is no substantial competent evidence that could support a finding that claimant’s status was anything but that of an employee.
We know of no provision of the act and no decision of any appellate court in this State that provides or holds that an incorporator, officer, director, stockholder, or one otherwise interested in the affairs of a corporation may not also be an employee thereof.
Whatever the claimant’s interest may have been in the respondent corporation he was not a “partner” in the corporate business. To find that he was such required that the corporate entity be ■ disregarded, and we have held that a Deputy may not do this. Roberts’ Fish Farm v. Spencer, 153 So.2d 718 (Fla.1963).
Section 440.02(2), F.S.A., defines an employee generally as meaning every person engaged in employment. The primary test of the employee-employer relationship is the exercise or right to exercise direction and control by the employer over the employee. Patton Seafood Co. v. Glisson, 38 So.2d 839 (Fla.1949). Exercise of the right to control is never more forcefully demonstrated than by the discharge of an employee. As was said in Lindsey v. Willis, 101 So.2d 422 (1st D.C.A.Fla.1958) “[t]he power to fire is the power to control.” Here the record shows that claimant was “fired” by Mr. Segal, the corporation’s President.
We conclude that the claimant was an employee, and it is in context of this status that the issue of his intent to exclude himself from coverage under the act must be examined and determined.
An employee may elect not to come under the act. Section 440.05(2), (3), F.S.A., provides that he may exercise this election by delivering written notice thereof to his employer thirty days prior to an accident, or at the time of his employment. This is the sole manner prescribed for an employee’s expressing his election to be excluded from the provisions of the act. His intent to be excluded is immaterial unless expressed in such a notice.
*441 This last mentioned provision of the act serves a salutary purpose. We interpret it to he designed to avoid factual disputes over whether an employee was or was not subject to the provisions and benefits of the act.
Although the agent for the carrier testified, over claimant’s objection, that claimant signed a waiver of coverage sometime after the policy was written on October 10, 1961, the waiver was not offered or received in evidence. He further testified that on January 12, 1962, he requested the carrier to exclude claimant from coverage of the policy and such was done by endorsement dated March 23, 1962.
Assuming, but not deciding, that this testimony was properly admitted, and that the alleged waiver was in the form required by Section 440.05(2), (3), it does not show that the waiver or rejection was filed within the time required by the act, i. e., at the time of employment or thirty days prior to the accident of November 8, 1961.
Under the facts in the record, we conclude that claimant had not lawfully excluded himself from the benefits of the act, nor waived his rights to benefits of the policy issued by the carrier.
For the reasons above expressed, the petition is granted, the writ is issued, and the order of the Full Commission is quashed. The cause is remanded with directions that the order of the Deputy be vacated and further proceedings be had consistent with this opinion.
It is so ordered.
DREW, C. J., and THORN AL and ERVIN, JJ., concur.
ROBERTS, J., dissents.