184 So.2d 173 (1966)
J. Edward CANTOR, Saul Cantor and Rose Cantor, d/b/a Cantor's Candy & Tobacco Company and Commercial Union Insurance Company of New York, Petitioners,
v.
Robert COCHRAN and the Florida Industrial Commission, Respondents.
No. 34342.
Supreme Court of Florida.
March 16, 1966.
Knight, Underwood, Peters & Hoeveler and Joseph V. Niemoeller, Miami, for petitioners.
Jack H. Polan, Miami, Patrick H. Mears, Tallahassee, and J. Franklin Garner, Lakeland, for respondents.
ROBERTS, Justice.
The petitioners owned a self-service wholesale grocery store where small retailers came to buy stock for their stores. The customer selected his own merchandise and loaded it onto a dolly from the shelves. He then checked out at a cash register and paid for his purchases. The claimant and another man waited at the register area and offered to help the customer load his purchases into his car or truck. The tips received were the only compensation received by the claimant for this service. The claimant was injured when the trunk lid of an automobile he was loading fell across his back and he seeks compensation. *174 He had been engaged in this work at the petitioners' store from 1957 until after he was hospitalized in 1964 at which time he was told by the petitioners not to return to the store.
The deputy held that the claimant was an independent contractor, not an employee of the petitioners. The Full Commission, with one dissenting, reversed the deputy on the ground that he had misconstrued the legal effect of the evidence.
The petition for certiorari filed in this court charges that the Full Commission substituted its own findings for those of the deputy. We do not so find. This, rather, is a case like Toney Builders, Inc. v. Huddleston, Fla. 1963, 149 So.2d 38, wherein the decision of the controversy depends not on disputed facts but upon the legal relationship that certain undisputed facts engendered.
One of these facts is that in March of 1962, after claimant had been engaged in helping petitioners' customers for more than four years, he signed, at petitioners' direction, a statement that his work was "independent of and in no way under the control or direction of the Cantor Wholesale." While the obvious purpose to be accomplished by this document was to evince an independent contractor status, such status depends not on the statements of the parties but upon all the circumstances of their dealings with each other. Magarian v. Southern Fruit Distributors, 1941, 146 Fla. 773, 1 So.2d 858.
Magarian and Miami Herald Publishing Co. v. Kendall, Fla., 1956, 88 So.2d 276, both adopt the tests formulated by 1 Restatement of the Law, Agency (2nd ed.) § 220 in determining whether an employer-employee relationship exists. The comment on this Section states that the factors set out in Subsec. (2) of § 220 are all to be considered in determining the question which will depend on the existence vel non of a sufficient group of favorable factors to establish the relation.
We will, therefore, set out the tests as found in the Restatement, supra, and then, following each, the appropriate facts established before the deputy:
"(a) The extent of control which, by the agreement, the master may exercise over the details of the work."
The record established that the claimant was to report for work at 5 a.m. and remain until 3 p.m.; that when the claimant wanted time off he arranged for a substitute and secured petitioners' approval; that claimant had no choice as to the customers he would assist. But the most telling factor establishing control was that petitioners fired the claimant without giving rise to a cause of action for breach of contract. As was said in Goldstein v. Gray Decorators, Inc., Fla. 1964, 166 So.2d 438, and Lindsey v. Willis, Fla.App. 1958, 101 So.2d 422: "The power to fire is the power to control."
See also 1 Larson, Workmen's Compensation Law § 44.35 which states:
"The power to fire is the power to control. The absolute right to terminate the relationship without liability is not consistent with the concept of independent contractor, under which the contractor should have the legal right to complete the project contracted for and to treat any attempt to prevent completion as a breach of contract."
"(b) whether or not the one employed is engaged in a distinct occupation or business."
Here the claimant was occupied in loading groceries as contrasted with such distinct occupations as plastering or plumbing, for example.
"(c) The kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision."
No evidence was adduced on this point but it is self-evident that no specialized *175 knowledge or training is necessary to load groceries.
"(d) The skill required in the particular occupation."
See under (c), supra.
"(e) Whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work."
The tools (dollies) were supplied by the petitioners as was the site of the work.
"(f) The length of time for which the person is employed."
The claimant worked at petitioners' store from 1957 until 1964, some seven years.
"(g) The method of payment, whether by time or by the job."
Payment here was by means of gratuities from petitioners' customers. However "in certain specific situations the so-called tips may be in reality the employee's compensation for his services and therefore wages." Williams v. Jacksonville Terminal Co. (1942) 315 U.S. 386, 62 S.Ct. 659, 86 L.Ed. 914. The employment in Williams was that of red caps at a railroad terminal  analogous to the situation sub judice. The argument was made that they were licensees, not employees. The Supreme Court, however, held them to be employees.
"(h) Whether or not the work is a part of the regular business of the employer."
It is obvious that it was. For the relevance of this point, see National Surety Corp. v. Windham, Fla. 1954, 74 So.2d 549, where one of the decisive factors in determining that the relationship was that of independent contractor was that the services to be performed were outside the sphere of the alleged employer's regular business.
"(i) Whether or not the parties believe they are creating the relation of master and servant."
On this matter, we have the paper signed by the claimant in March, 1962.
"(j) Whether the principal is or is not in business."
The petitioners were in business and it was at the site of this business that claimant assisted their customers.
Review of these factors indicate a great preponderance in favor of the legal conclusion drawn by the Full Commission. We therefore approve the order of the Full Commission dated March 24, 1965, and the petition for certiorari is
Denied.
The attorney for respondent Robert Cochran is awarded a fee in the amount of Three hundred fifty dollars ($350.00) for services in this Court.
THORNAL, C.J., and THOMAS and ERVIN, JJ., concur.
CALDWELL, J., dissents.