533 So.2d 824 (1988)
Zachery HERMAN, Appellant,
v.
Robert ROCHE, LaRoche Construction, Granados Construction and Nationwide Insurance, Appellees.
No. 87-813.
District Court of Appeal of Florida, First District.
October 14, 1988.
Lawrence J. Langer, West Palm Beach, for appellant.
Steven H. Goldfarb of Law Office of Steven H. Goldfarb, Boynton Beach, for appellees.
BARFIELD, Judge.
Appellant seeks review of a deputy commissioner's order finding appellant to have been an independent contractor and not an employee. While not rejecting the deputy's findings of fact, we find that he has given an incorrect legal effect to those findings. We therefore reverse.
Appellant was hired as a carpenter by appellee Roche to construct a roof on one building of a multi-unit residential project appellee Granados Construction was constructing. Granados hired Roche as a carpentry subcontractor for the entire project. *825 Roche in turn hired appellant and his brother to construct the roof on one building. Appellant injured his foot when he stepped on a nail at the job site. However, appellant did not have separate worker's compensation insurance coverage for such injuries and for the resulting loss in wages. Appellees' insurers refused to pay the medical bills and temporary total disability benefits. At the hearing, appellees maintained appellant was an independent contractor, and not an employee, for whom they were not liable to provide worker's compensation benefits.
The deputy agreed with appellees and denied the claim for benefits. The deputy did find appellant Herman suffered an injury on the job. However, he concluded appellant was an independent contractor for whom appellees were not required to provide worker's compensation benefits. He found appellant Herman and his brother were hired to construct one roof with no agreement that they would be hired to construct any other roofs within the complex. They were to be paid $2,400 upon the satisfactory completion of the roof. The two brothers used their own tools except for a generator supplied by Roche; Roche supplied all materials. Roche was found to have intended to hire the two brothers as "generic subcontractors." The deputy also considered the factors set out in Cantor v. Cochran, 184 So.2d 173 (Fla. 1966) to determine if there is an independent contractor or employee-employer relationship. Roche was found not to have exercised control or supervision over the details of the work. The deputy concluded Roche did not have the power to fire appellant without liability. The fact Roche replaced appellant with someone else to complete the job did not constitute a "firing." The deputy also inferred that as appellant filed a mechanic's lien, appellant considered himself an independent contractor. Carpentry was found to be a distinct occupation requiring some degree of skill. Considering these factors, the deputy concluded the evidence established appellant was an independent contractor, and not an employee.
Section 440.02(11)(a), Florida Statutes (Supp. 1986) defines an employee as "every person engaged in any employment under any appointment or contract of hire or apprenticeship, express or implied, oral or written... ." However, section 440.02(11)(d) excludes independent contractors from the definition of employee. In Cantor v. Cochran, 184 So.2d 173 (Fla. 1966), the supreme court set out ten factors drawn from the Restatement of the Law of Agency which the courts have utilized in determining whether an employer-employee relationship exists under this definition. Of these various factors, the primary one is the exercise or right to exercise direction and control over the employee, or the right to direct what shall be done and how and when it shall be done. LaGrande v. B & L Services, Inc., 432 So.2d 1364 (Fla. 1st DCA 1983); Stevens v. International Builders of Florida, Inc., 207 So.2d 287 (Fla.3d DCA 1968).
The record reflects that Roche while not on the job constantly was there daily to oversee the work. Roche was considered the "boss" by the two brothers as he had things done his way. The carpentry work done by appellant was a regular part of Roche's business as a carpentry contractor. Appellant was performing the same type work as Roche or any of his employees did. Carpentry was not a special vocation distinctly different from that engaged in by Roche. Without denigrating carpentry as a valued trade, the rough carpentry work appellant was undertaking for Roche did not require great skills, particularly as they were skills Roche already possessed. Appellant contributed little by way of expertise or skill that Roche did not already possess. In this situation, appellant provided nothing more than labor toward the responsibilities that Roche had already assumed under his contract with Granados. We find the length of employment (for completion of one roof) and the method of payment (upon completion) to be of little importance in arriving at the conclusion that appellant was an employee of Roche. Saudi Arabian Airlines v. Dunn, 438 So.2d 116 (Fla. 1st DCA 1983). Roche's expressed intent to hire appellant as an independent contractor and appellant's efforts *826 to enforce a mechanic's lien (which does not require the lienor to be an independent contractor) do not control the issue of whether an employee-employer relationship existed for purposes of worker's compensation coverage.
Further, appellant was hired to perform work under Roche's subcontract to perform carpentry work at the project. Under that contract, Roche was obligated to hire subcontractors who were licensed under the local construction licensing law. Appellant and his brother were not so licensed and Roche failed to even inquire if they were licensed. By hiring them, Roche effectively hired them as employees, for they could not legally contract to do carpentry work under the local licensing laws.
To find appellant an independent contractor is tantamount to judicial approval of illegal actions on the part of Granados and Roche in trying to avoid worker's compensation payments. The Workers' Compensation Act was intended to prevent employers from dividing up work into individual tasks and calling the individual engaged to perform those tasks an independent contractor. By such devices, employers may not escape their responsibilities to their employees. We, therefore, REVERSE the order appealed and REMAND for further proceedings consistent with this opinion.
WENTWORTH and ZEHMER, JJ., concur.