WOLF, Judge.
Davis appeals from a final administrative order of the Department of Administration, Division of Retirement (division) which provided for forfeiture of certain retirement benefits by the appellant. A number of points are raised on appeal, but only one has merit and is necessary for us to address: Whether the division wrongfully rejected the finding of the hearing officer that appellant was an independent contractor rather than an employee of the Union County School Board from July 1, 1983, until October 31, 1984. We determine that the hearing officer was correct, and reverse.
Appellant retired from his position as finance officer for the Indian River County School Board on June 30, 1982. He began receiving retirement benefits from the Florida Retirement System. On November 10, 1982, appellant was employed as the finance officer for the Union County School Board pursuant to a contract of employment. The Union County School Board is also a member of the State of Florida Retirement System.
Sometime thereafter, appellant and the Union County School Board entered into an agreement which purportedly allowed appellant to act as an independent contractor rather than an employee during the period from July 1, 1983, until October 1, 1984. The reasons given for the change in relationship were that Dr. Davis wished to spend more time with his family in Vero Beach and that there was a backlog of work at the Union County School Board. On November 1, 1984, Dr. Davis was again hired as an employee, finance director, of the Union County School Board.
The nature of the employment relationship is critical because of former section 121.091(9)(b), Florida Statutes (1983), which dealt with entitlement to benefits of re *422 tirees who are reemployed by a member of the Florida Retirement System.
That statutory section, which was in effect from November 1982, until June, 1985, provided in pertinent part
(9) EMPLOYMENT AFTER RETIREMENT; LIMITATION.—
(b) 1. Any person who is retired under this chapter, except under the disability retirement provisions of subsection (4), may be employed by an employer that participates in a state-administered retirement system and receive compensation from such employment and retirement benefits at the same time, so long as the employment does not exceed 780 hours each calendar year, or the compensation earned in such employment does not exceed $4,000 each calendar year, whichever limitation permits the longer employment. However, such limitation does not apply to a person age 65 or older.
2. Any person to whom the limitation in subparagraph 1. applies who will exceed such limitation shall give timely notice of this fact in writing to his employer and to the division and shall advise both of the date on which he will exceed the limitation. The division shall suspend such retired person’s benefits for the remainder of the calendar year during which he continues employment in excess of the limitation in subparagraph 1.
Appellant did not personally notify the division in writing of his employment relationship with Union County, but continued to receive retirement benefits. During an audit of the Union County School Board in 1989, the division learned of potential retirement benefit overpayments made to the appellant.
The division then initiated forfeiture proceedings to recover benefits. Appellant defended the claim on a number of grounds including the assertion that he was an independent contractor from July 1, 1983, until October 1, 1984,[1] and, thus, the statute was inapplicable to him during this period.
The hearing officer agreed with appellant’s contention concerning his status as an independent contractor and made the following findings:
5. Originally, Petitioner was employed as a regular employee of the school district under a standard contract of employment. However, due to the fact that Dr. Davis wished to control his work schedule so that he could spend more time with his family at his home in Vero Beach and because Dr. Davis wanted to offer his financial expertise to other School Districts, on July 1, 1983, the school district entered into a contract with Petitioner as an independent contractor.
6. The term of the contract was July 1, 1983 through October 31, 1984. During the term of this contract Petitioner did not receive the usual employee fringe benefits as he would have if he had been employed. There was no annual or sick leave granted to Dr. Davis and no health or worker’s compensation benefits extended to Dr. Davis. Also because Petitioner was an independent contractor, the school district did not withhold any wages for income taxes on Petitioner’s fees and did not pay any social security on Petitioner’s fees. Petitioner set his own work schedule and could accomplish his work at a location of his choice. Petitioner, in fact, was making an attempt to gain another school district’s business during the time of his independent contractor status. Petitioner was not subject to control or review by any superior except as to the results of his work. Petitioner’s fee was not paid from the District’s regular payroll account, but from an account used to pay for contracted services. His fees were paid based on a monthly invoice which he submitted to the school district. There was no evidence which would demonstrate that this contractual arrangement was collusive between Petitioner and the school district. Since Petitioner was an indepen *423 dent contractor from July 1, 1983 through October 31, 1984, he is entitled to return [sic] the retirement benefits received by him during that period of time.
7. After October 31, 1984, Petitioner was again employed as a regular employee by the school district. Dr. Davis was required to and did execute a loyalty oath, a W-4 form, a Florida Retirement System form FR-10 and a regular contract of employment. Dr. Davis became eligible for and did thereafter receive benefits of employment which he was not eligible to receive as an independent contractor. Dr. Davis remained in the employment of the Union County School Board through June 30, 1987.
8. In summary, Petitioner was a regular employee of the District from June 30, 1982 through June 30, 1983 and November 1984 through June 30, 1987. Petitioner was an independent contractor from July 1, 1983 through October 31, 1984.
Based upon these findings, the hearing officer would not allow the division to recover alleged overpayments of benefits for certain periods of 1983 and all of 1984. The division, in its final order, rejected the finding of the hearing officer that appellant was an independent contractor, relying on the case of Cantor v. Cochran, 184 So.2d 173 (Fla.1966), and stated
Thus, under Cantor v. Cochran, such statements of the parties do not constitute competent evidence; and in this Final Order it has been found and held that the recommended finding of the Hearing Officer that the Petitioner was an independent contractor, is supported only by such statements of the parties, which is not competent evidence. From an examination of the entire record, all of the evidence is, without contradiction, that the Petitioner during the entire period of time from November 1, 1982, through some time in 1987, continuously performed the same duties and responsibilities as Finance Director without any changes occurring during the period in question from July 1, 1983, through October 31, 1984.
We find that the division erroneously applied Cantor v. Cochran in the instant case and that there was substantial competent evidence to support the hearing officer’s findings.
In Cantor, the supreme court held that the status of the employment relationship depended upon all the circumstances surrounding the relationship and not just the statements of the parties. See also Herman v. Roche, 533 So.2d 824 (Fla. 1st DCA 1988). The agreement between the parties, while not conclusive however, is competent evidence concerning the nature of the relationship.[2]
In addition, evidence independent of the parties’ statements was introduced. Business records reflecting payment of remuneration, accrual of benefits, payment of taxes, and hours worked were introduced. There was also evidence concerning level of supervision and the efforts of appellant to contract with other school boards.
We find that the division’s determination that the findings of the hearing officer were not supported by competent substantial evidence was in error. The division was, therefore, not free to reject the hearing officer’s findings that appellant acted as an independent contractor during the period from July 1, 1983, until October 1, 1984. Greseth v. Department of Health and Rehabilitative Services, 573 So.2d 1004 (Fla. 4th DCA 1991). We also find no evidence that the hearing officer applied an incorrect legal standard in determining appellant’s employment status. See Herman v. Roche, supra.
We, therefore, reverse and remand the case for entry of a final order in accordance with the dictates of this opinion.
WIGGINTON and ALLEN, JJ., concur.

. Appellant also asserted that the statute was unconstitutional and that the forfeiture proceeding was barred by laches or the statute of limitations. He reasserts these contentions on appeal. We find no merit in these other contentions.

. See factors outlined in Cantor for determining the employment relationship.