KAHN, Judge.
Appellants operate the Northwest Florida Community Hospital (Hospital) in Chipley. The central issue in this administrative case is whether Glenn Brown, who worked for the Hospital from February 1, 1988 through September 1992, was an independent contractor or an employee. The Department of Management Services, Division of Retirement *171 (Division), rejected the findings of the hearing officer and determined that Brown was an employee. The Division has therefore required the Hospital to enroll Brown retroactively in the Florida Retirement System (FRS) and to make payments to the FRS. Applying traditional rules of administrative law, we reverse the Division’s order.
The Hospital is a small, rural acute-care facility located in Chipley, Washington County. During the mid-1980’s, the Hospital suffered from a financial crisis that threatened its continued existence. Seeking a way to resolve that crisis, appellants decided to sell the Hospital and to that end entered into a contract with National Healthcare, Inc. As part of the contract, National Healthcare agreed to operate the Hospital before the sale closed. Mr. Brown was the National Healthcare employee assigned to act as administrator of the Hospital. In his capacity as a National Healthcare employee, Brown acted as hospital administrator for approximately one year. Ultimately, when appellants decided against the sale of the Hospital, the Board of Trustees began to operate the Hospital.
In furtherance of this course of conduct, appellants entered into a consulting contract with Mr. Brown, by which Mr. Brown agreed to operate the Hospital. Eventually, the parties entered into a second consulting contract for additional service by Mr. Brown.
Appellants and Mr. Brown consistently took the position that Brown was an independent contractor and not an employee for purposes of the FRS. The contractual provisions were very specific as to Brown’s status.* The Hospital, finding no statute or rule requiring a report to the Division, did not notify the Division of its decision to treat Mr. Brown as an independent contractor. After Mr. Brown left the Hospital, however, an audit performed by the Division questioned Brown’s status for purposes of the FRS. After reviewing information provided by the Hospital, the Division determined that Mr. Brown was an employee and so notified the Hospital. Appellants then sought a formal administrative hearing to contest the Division’s determination.
Larry Sartin, the officer assigned to the case by the Division of Administrative Hearings, made the foregoing factual findings and decided that appellants were entitled, pursuant to Chapter 121, Florida Statutes, to make the initial decision to treat Mr. Brown as an independent contractor. Accordingly, the Division’s reclassification of Brown as an employee constituted an attempt to change the status quo. Hearing Officer Sartin then determined that the Division, as the party seeking to change the status quo, should have the burden of proof in the administrative proceeding:
78. Chapter 121, Florida Statutes, contemplates that the employer, in this case the Hospital, make the determination of whether an individual is an “employee” required to be included in the Florida retirement system. Although Section 121.051(4), Florida Statutes, provides that employers may be required to provide information to support the inclusion of an individual in the retirement system, the undersigned has been unable to find any provisions which requires that employers have their initial determinations approved or even reviewed by the Division. Therefore, employers make an initial determination of the status of their workers under Chapter 121, Florida Statutes — that determination constitutes the “status quo.”
79. In this case, the Hospital made the determination that Mr. Brown was an independent contractor. This decision was not questioned for more than four years. Only after Mr. Brown had left the Hospital did the Division determine that Mr. Brown might have been an employee. The Division then required the Hospital to file a Questionnaire concerning Mr. Brown which the Division then used to decide that Mr. Brown was an “employee.” It was, therefore, the Division’s action that changed the status quo in this matter.
80. The Division has argued that it might be considered to have the burden of proof *172 in this case had the Hospital put it on notice of its determination concerning Mr. Brown and the Division had then “taken no action or ... given its approval.” This argument is rejected. The Division has cited no statute or rule that requires that the Hospital, in order to assume its decision to treat Mr. Brown as an independent contractor was a final decision, notify the Division of its action. Absent some requirement that the Hospital actually notify the Division of its initial action, the Hospital’s decision becomes final and any decision of the Division to the contrary more than four years later constitutes an effort to change the status quo.
80 [sic]. Based upon the foregoing, it is concluded that the Division had the burden of proving that Mr. Brown was an “employee” for purposes of the Florida retirement system.
The Division, relying upon section 121.051(l)(a), Florida Statutes, which provides that the provisions of the FRS law “shall be compulsory as to all officers and employees,” rejected the hearing officer’s conclusion and decided that the Hospital should have had the burden of proof as to Mr. Brown’s status. The Division further relied upon Rule 60S-1.004, Florida Administrative Code, portions of which mandate compulsory participation in the FRS for employees filling full-time or part-time regularly established positions. While it is true that participation is compulsory for employees, nothing in chapter 121, establishing the FRS, provides that local agencies such as the Hospital must report every instance of independent contractor classification to the Division. The legislature could have easily mandated such a reporting requirement. In essence, the Division’s reasoning would impose a condition of reporting upon member agencies. While the Division has clearly expressed its desire to have such a requirement, it is beyond its authority to impose such in the absence of guiding legislation. See State, Dep’t of Envtl. Reg. v. Puckett Oil Co., 577 So.2d 988, 991 (Fla. 1st DCA 1991) (“It is well recognized that the powers of administrative agencies are measured and limited by the statutes or acts in which such powers are expressly granted or implicitly conferred.”). Accordingly, the hearing officer correctly determined that the Hospital’s decision to treat Mr. Brown as an independent contractor established the status quo and thus the Division had the burden to demonstrate that Mr. Brown was in fact an employee. See Florida Dep’t of Transp. v. J.W.C. Co., 396 So.2d 778, 788 (Fla. 1st DCA 1981); Balino v. Department of Health & Rehab. Servs., 348 So.2d 349, 350 (Fla. 1st DCA 1977) (“The general rule is, that as in court proceedings, the burden of proof, apart from statute, is on the party asserting the affirmative of an issue before an administrative tribunal.”).
With regard to the substantive issue of whether an individual is an employee or independent contractor, the hearing officer made extensive findings in which he applied the multiple factors established by the supreme court in Cantor v. Cochran, 184 So.2d 173 (Fla.1966). The hearing officer also applied the provisions of Rule 22B-601(15), Florida Administrative Code, setting out twenty criteria for use when determining whether one is an employee or an independent contractor. The officer correctly recognized that such a determination depends not only on the intent of the parties, but also upon all the circumstances of the dealings of the parties with each other. Id., at 174-75; Davis v. Department of Admin., 585 So.2d 421, 423 (Fla. 1st DCA 1991). After reviewing numerous factors, including the clear understanding between the Hospital and Mr. Brown that Brown would serve as an independent contractor, the hearing officer concluded that the hospital had properly classified Brown as an independent contractor. The agency, however, rejected many of the hearing officer’s findings of fact and entered its final order finding Mr. Brown worked as an employee of the Hospital.
If competent substantial evidence supported the hearing officer’s finding that Mr. Brown served as an independent contractor, then the Division could not properly reject such a finding. See Davis, 585 So.2d at 423 (“We find that the Division’s determination that the findings of the hearing officer were not supported by competent substantial evidence was in error. The Division was, *173 therefore, not free to reject the hearing officer’s findings that appellant acted as an independent contractor....”). In Davis, this court, construing the supreme court’s Cantor decision, found that the agreement between the parties, while not conclusive, constituted competent evidence concerning the nature of the relationship. Id. In the present case, as in Davis, the hearing officer considered not only the intent of the parties as memorialized in their contract,' but also business records “reflecting payment of remuneration, accrual of benefits, payment of taxes, and hours worked....” The evidence presented was susceptible of more than one view, and the hearing officer quite frankly recognized this. Nevertheless, the agency was not free to reject the hearing officer’s fact findings which were supported by competent substantial evidence. Heifetz v. Department of Bus. Reg., 475 So.2d 1277, 1281 (Fla. 1st DCA 1985).
We find that the determination of whether a person performs services as an employee or an independent contractor is not within that class of decisions requiring such agency expertise as to compel the court to defer to the Division’s construction. See Schoettle v. State, Dep’t of Admin., 513 So.2d 1299, 1301 (Fla. 1st DCA 1987) (because case did not involve “demonstrated agency expertise” in particular area, the court was not required to afford great weight to agency’s construction of a statute). This fact-intensive issue is commonly litigated and determined by finders of fact in many contexts, including contract law, workers’ compensation law, and tort law.
Because competent substantial evidence supported the hearing officer’s classification of Brown as an independent contractor, the Division improperly rejected that determination. Accordingly, the Division’s order is REVERSED and the cause REMANDED for the entry of an order consistent with the directives of this opinion.
BARFIELD and ALLEN, JJ., concur.

 Article IV of the February 1, 1988, consulting contract states: “Consultant (Brown) hereby acknowledges and agrees that he is an independent contractor individually liable for self employment and all other taxes of any nature due on the fees paid by the hospital to Consultant."