BOOTH, Judge.
This appeal arises from an order of the Unemployment Appeals Commission affirming the appeals referee’s finding that striking workers were employees of them union and that the strike benefits they received were wages.- We hold that the referee’s and the commission’s conclusions were not clearly erroneous and, therefore, affirm.
Appellee Robert Tucker represents himself and approximately 87 other members of the International Association of Machinist and Aerospace Workers (hereinafter IA-MAW) who went out on strike against Eastern Airlines in March of 1989. During the strike, members of the union were paid $100 per week in strike benefits. In order to be paid these benefits, the local lodge required members to picket or perform some other strike-related activity for four hours per week. The strike was organized and controlled by the IAMAW through the local lodges.[1] The local lodges assigned members *843 certain strike duties; coordinated and scheduled the days, times and locations of the picket lines; observed the picket sites to ensure that members were properly picketing; and supplied picket signs and strike T-shirts. When the strike ended upon termination of Eastern Airlines’ operations, those members of the IAMAW who received strike benefits filed claims for unemployment benefits under the Florida Unemployment Compensation Law.
The Division of Unemployment Compensation of the Department of Labor and Security determined that the claimants’ strike benefits were not “wages” under chapter 443.[2] Following a hearing on the matter, the appeals referee reversed the Division’s determination, concluding that claimants were “employees” performing services during the strike for the union and were paid “remuneration” in the form of “wages.” Following an appeal by IAMAW, the Unemployment Appeals Commission found the referee’s decision to be in accord with the essential requirements of law and affirmed. This appeal followed.
When the Legislature delegates to an administrative agency the responsibility for an area of law, the courts cannot overturn the agency’s interpretation of that law unless the interpretation is clearly erroneous. Department of Insurance v. Volusia Hospital District, 438 So.2d 815, 820 (Fla.1983), appeal dismissed, 466 U.S. 901, 104 S.Ct. 1673, 80 L.Ed.2d 149 (1984); PW Ventures, Inc. v. Nichols, 533 So.2d 281 (Fla.1988). In reaching his conclusion, the appeals referee interpreted and applied the statutory definitions of “wages” and “employment.” § 443.036(33)(a), (b); § 443.036(19), Fla.Stat. This included the application of common law criteria for determining whether an employer-employee relationship existed between the claimants and IAMAW. § 443.036(19)(a)l.b., Fla.Stat.; Cantor v. Cochran, 184 So.2d 173 (Fla.1966); D.O. Creasman Elect, v. Department of Labor, 458 So.2d 894 (Fla. 2d DCA 1984). Under the facts of this case, we hold that the referee’s conclusion that claimants were employed by IAMAW and were paid wages during the strike is not clearly erroneous.[3] We therefore affirm.
ALLEN, J., concurs.
BENTON, J., dissents with written opinion.

. The local lodges are governed by the IAMAW constitution, which contains provisions both controlling and delegating authority to the local lodge. For example, the IAMAW constitution does not state that a striking worker is required to picket in order to receive strike benefits; however, strike benefits shall not be paid "to mem *843 bers who refuse to do the duties assigned to them by those in charge of the strike.”

.IAMAW asserts that the principles of res judi-cata and collateral estoppel apply in this case because the Division previously determined that strike benefits paid to members of the Airline Pilots Association and one member of the IA-MAW, all of whom participated in the Eastern strike, were not wages. We reject this assertion, finding that the issues involved were never previously litigated before the agency acting in a judicial capacity. See Jet Air Freight v. Jet Freight Delivery, Inc., 264 So.2d 35 (Fla. 3d DCA 1972). We also find that the identity of parties requirement was not met.

. There are no Florida cases directly on point. The out-of-state decisions cited by appellant and relied on by the dissent are not persuasive because they arise out of a different factual context.