PER CURIAM.
This cause is before us on appeal from the Department of Management Services, Division of Retirement’s (DOR) final order rejecting several of the hearing officer’s findings of fact to determine that Tam-burello had been re-employed within twelve months of his retirement and was, therefore, required to repay retirement benefits made by DOR. We reverse.
As relevant to this appeal, the hearing officer found:
6. The consulting contract specified that petitioner would act as an independent contractor while performing services under the contract, and that he would not *33 be an employee of the College. Petitioner reported the income he received under the consulting contract to the Internal Revenue Service on Schedule C. Petitioner’s Exhibit No. 10. He filled no position at the college. For his services under the consulting contract, the college paid him from its accounts payable account, and withheld no funds to pay federal income taxes or Social Security taxes.
[[Image here]]
8. Although the College contracted directly with Dr. Tamburello and all parties evidently contemplated his personal services, he was not prohibited from hiring others to assist him in performing services under the consulting contract, according to unrebutted testimony from College officials. In 1987 Nova University paid petitioner $6,000 and in 1988 $9,000 for services he performed for that school. Petitioner had formed E & T Management Service Co. prior to 1987, and offered his services as a consultant to the general public.
[[Image here]]
11. In performing services under the consulting contract, petitioner set his own hours and determined the type and sequence of the work he performed. While not subject to their control, he reported to the president and the Dean of Continuing Education, as ideas or plans unfolded. The pre-retirement seminars took place on campus and he occasionally met with Dean Smith or President Hartsell in their offices, but, as a consultant, for the most part, he worked off campus; he had an office at his home.
[[Image here]]
14. By June of 1985, petitioner’s interest in his retirement benefits had fully vested. Taking into account the twenty factors utilized by respondent as guidelines to determine whether an individual is an employee or an independent contractor, petitioner’s status was that of an independent contractor.
In its final order, DOR rejected these findings in whole or in part as either immaterial or not based on competent, substantial evidence. To the contrary, the hearing officer’s findings quoted above are both material and supported by competent, substantial evidence in the appellate record.
Alternatively, DOR further argues that the employee/independent contractor distinction that controls this case is a mixed question of law and fact infused with policy considerations for which DOR has special expertise in deciding and that, as such, it may reject the hearing officer’s findings regarding same, whether or not those findings are based on competent, substantial evidence. § 120.57(l)(b)(10), Fla.Stat. (1993); McDonald v. Department of Banking and Finance, 346 So.2d 569 (Fla. 1st DCA 1977).
In the same context as the present case, and on very similar facts, this court recently addressed the employee/independent contractor issue substantially as a question of fact, not a question of law or policy. Davis v. Division of Retirement, 585 So.2d 421 (Fla. 1st DCA 1991). Indeed, DOR concedes that Davis stands for the proposition that the employee/independent contractor determination is susceptible to ordinary methods of proof and is within the authority of the trier of fact. Accordingly, we REVERSE and REMAND with directions that DOR adopt the hearing officer’s recommended order as its final order.
REVERSED AND REMANDED WITH DIRECTIONS.
BOOTH, JOANOS and LAWRENCE, JJ., concur.