PER CURIAM.
An attorney appeals the determination that a secretary he engaged was an employee for unemployment compensation purposes. John W. Kearns, in need of a secretary, found a typist who was operating at the time as an independent contractor, typing transcripts for various court reporters. Kearns agreed to pay the secretary a daily flat fee to work at his law office. She brought her own word processor, and used that machine daily as she worked for Kearns as well as her other clients. The secretary could and did refuse to accept some work assignments from Kearns. She came and went as she pleased. When she did not report for some reason, she supplied Kearns with a substitute.
This arrangement continued for approximately a year and a half. Thereafter, the secretary requested that she be made Kearns’ employee. He agreed. She sold the word processor to Kearns, and she began receiving employee benefits. Under dispute in the instant case is the secretary’s legal status during the year and a half period.
Both Kearns and the Division of Unemployment Compensation agree that Cantor v. Cochran, 184 So.2d 173 (Fla.1966) is controlling as to that determination. As in *620 Cantor, resolution of the instant controversy depends not on disputed facts but upon the legal relationship that certain undisputed facts engender. Cantor, citing Magarian v. Southern Fruit Distributors, 146 Fla. 773, 1 So.2d 858 (1941)and Miami Herald Publishing Co. v. Kendall, 88 So.2d 276 (Fla.1956), instructs us to follow the tests formulated by Restatement (Second) of Agency § 220 in making such a determination.[1] Here, both Kearns and the secretary operated under the express understanding that she was an independent contractor, she used and relied most heavily on her own equipment, she came and went as she pleased, and picked and chose among assignments, all the while operating her business from Kearns’ office. We find these facts crucial and indicative of the secretary’s legal status as an independent contractor.
Accordingly, we reverse the agency’s determination to the contrary.

. As outlined in Cantor, the following matters are to be considered:
(a) the extent of control which by the agreement the master may exercise over the details of the work;
(b) whether or not the one employed is engaged in a distinct occupation or business;
(c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;
(d) the skill required in the particular occupation;
(e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;
(f) the length of time for which the person is employed;
(g) the method of payment, whether by time or by the job;
(h) whether or not the work is a part of the regular business of the employer;
(i) whether or not the parties believe they are creating the relation of master and servant;
(j) whether the principal is or is not in business.
Cantor, 184 So.2d at 174-175 (quoting Restatement (Second) of Agency § 220).