704 So.2d 1072 (1997)
James T. GRIER, Appellant,
v.
STATE, AGENCY FOR HEALTH CARE ADMINISTRATION, BOARD OF PSYCHOLOGY, Appellee.
No. 97-1429.
District Court of Appeal of Florida, First District.
December 23, 1997.
Rehearing Denied January 30, 1998.
*1073 Robert M. Ervin, Jr. of Ervin, Varn, Jacobs & Ervin, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and Edwin A. Bayo, Assistant Attorney General, Tallahassee, for Appellee.
BARFIELD, Chief Judge.
Appellant challenges an order of the Board of Psychology (the Board), rejecting the recommendation of the Administrative Law Judge (ALJ) and denying appellant's application for licensure as a psychologist. We affirm the order, with modifications.
The issue presented below was whether appellant received a "doctoral-level psychological education" within the meaning of sections 490.005(b)(1) and 490.003(7), Florida Statutes (1995). The ALJ concluded that he did. The Board rejected that ultimate conclusion and others leading to it, as well as a finding of fact, in actuality a mixed question of law and fact, upon which one of the conclusions was based. The issues on appeal are therefore best addressed by determining whether, in the context of the factual findings of the ALJ which were supported by competent substantial evidence, the Board properly construed and applied sections 490.005(b)(1) and 490.003(7), and the rules implementing them.[1]
After carefully considering the language and historic development of the statutory provisions regarding psychologist licensure, we conclude that the legislature intends to require an applicant for licensure to satisfy a three-part test with respect to the educational requirement, and that it intends to impose strict requirements for augmentation of the applicant's education in order to comply with the statutory requirement. Applying the 1995 amended provisions of chapter 490, and the rules implementing those provisions, to the facts of this case, we conclude that the Board correctly determined that appellant did not meet the statutory educational requirement and was therefore not entitled to sit for the licensure examination. However, the Board's final order must be modified in several respects, as outlined below.

FACTS
Appellant, who has a 1970 bachelor's degree in electrical engineering, a 1972 masters degree in business administration, and a 1975 masters degree in engineering, enrolled in the doctoral program at The Union Institute in July 1977 and withdrew in September 1981, was readmitted in March 1986, and was awarded a Ph.D. in "Electrical Engineering and Applied Behavioral Science" in March *1074 1987. He thereafter completed two post doctoral internships, each of them under the supervision of a practicing psychologist. The Union Institute was accredited for the first time in 1985 and did not have a formal doctoral program in psychology until 1992. Appellant's program was developed as the result of his negotiations with a faculty committee and did not include an appropriate psychological internship, an essential element of a doctoral program accredited by the American Psychological Association (APA). Appellant's course work included 135 credits for the psychology portion of his degree, fifteen of which were earned at the University of California and the balance of which were earned through independent study, seminars, colloquiums, peer and group meetings, and special speaker programs. The Union Institute's doctoral program in psychology has never been accredited by the APA.

STATUTES AND RULES
The 1995 version of section 490.005(1)(b) requires proof that the applicant "[r]eceived doctoral-level psychological education, as defined in s. 490.003(7)." The applicable subsection of 490.003(7) defines "doctoral-level psychological education" as
a Psy.D., an Ed.D. in psychology, or a Ph.D. in psychology from:
1. An educational institution which, at the time the applicant was enrolled and graduated, had institutional accreditation from an agency recognized and approved by the United States Department of Education or was recognized as a member in good standing with the Association of Universities and Colleges of Canada; and

2. A psychology program within that educational institution which, at the time the applicant was enrolled and graduated, had programmatic accreditation from an accrediting agency recognized and approved by the United States Department of Education or was comparable to such programs.

§ 490.003(7)(a), Florida Statutes (1997) (emphasis supplied). Alternatively, section 490.005(1)(b)3. requires proof that the applicant has "[r]eceived and submitted to the board, prior to July 1, 1999, certification of an augmented doctoral-level psychological education from the program director of a doctoral-level psychology program accredited by a programmatical agency recognized and approved by the United States Department of Education" (emphasis supplied).
The rules implementing these statutes, which were amended in January 1996, prior to the hearing in this case, are currently designated as rules 64B19-11.003 and 64B19-11.0035, Florida Administrative Code. Rule 64B19-11.003 essentially restates the statutory requirements of a doctoral degree in psychology "from a psychology program which, at the time when the applicant was enrolled in it and at the time when the applicant graduated from it," was either accredited by the APA or "comparable to a program approved and accredited by the American Psychological Association at the same time," or alternatively, certification of augmentation of the applicant's doctoral-level psychological education. Subsection 64B19-11.003(4) requires certification of comparability or augmentation by means of an unequivocal letter from the director of an APA accredited doctoral program on the program's letterhead. Subsection 64B19-11.003(5) states that, for the purposes of the rule, an applicant "was enrolled" if "the applicant's entry into the program took place within seven (7) years prior to the applicant's date of graduation." Rule 64B19-11.0035 sets out in detail the proof required for determining eligibility for examination, including proof that the applicant's degree "was augmented in or obtained from a program comparable to a program accredited by a programmatic accrediting agency," which requires "an original, signed letter on official letterhead confirming same and sent directly to the Board from the director of a doctoral psychology program accredited by the American Psychological Association."

ANALYSIS
We construe these statutes and rules as requiring the applicant to prove: 1) possession of a doctoral degree in psychology, limited to the three specific degrees designated in section 490.003(7)(a); 2) that the *1075 institution from which the degree was obtained was properly accredited throughout the applicant's course of doctoral study at the institution, as well as at the time the applicant graduated from the institution; and 3) that throughout the applicant's course of study in the doctoral program within that institution, as well as at the time the applicant graduated from the institution, the program was either properly accredited or was comparable to properly accredited doctoral programs in psychology. Proof that the program from which the applicant received the doctoral degree in psychology was comparable to an accredited program must be by means of a written certification from the director of an accredited doctoral-level program in psychology, submitted directly to the Board. Alternatively, the legislature intends to allow, for a limited period of time until July 1, 1999, written certification directly to the Board from the director of an accredited doctoral-level program in psychology that the applicant has augmented his doctoral-level psychological education within that accredited program to the standards of an education currently received in a properly accredited program.
At the hearing, the director of an accredited doctoral program in psychology, who acted as a consultant to The Union Institute in its attempt to obtain accreditation for its doctoral program in psychology, was asked whether, in his opinion, appellant received "a Ph.D. in psychology from The Union Institute." He responded that appellant "has received a dual degree, one part of which was in psychology from The Union Institute." Based on the testimony of this expert witness, the ALJ found in his recommended order that appellant "was awarded a Ph.D. in psychology from Union Institute within the meaning of Section 490.003(7), Florida Statutes (1995)." An almost identical statement is also included in the ALJ's conclusions of law. The Board granted the exceptions to this finding of fact/conclusion of law, on the grounds that the record contained no competent substantial evidence to support the finding and the statute requires that, at the time the applicant was enrolled and graduated, the applicant's doctoral program was comparable to an APA accredited program, of which it found there was no competent substantial evidence in the record. Given this court's construction of the "doctoral degree" requirement and the undisputed evidence that appellant's doctoral degree was a Ph.D. in electrical engineering and applied behavioral science, the expert witness testimony upon which the ALJ relied does not support his finding that appellant received a "Ph.D. in psychology" as required by section 490.003(7)(a).
The ALJ construed "at the time the applicant was enrolled and graduated" in section 490.003(7)(a)1. as requiring only that the institution must have been accredited "during part of the time" or "at a time when" the applicant was enrolled, as well as at the time he graduated. The ALJ found that appellant met this requirement because The Union Institute was accredited during the last year of his doctoral program. In its final order, the Board construed section 490.003(7)(a)1. as requiring accreditation of the institution for a "significant time period" during the applicant's enrollment, and found that appellant did not meet this requirement, noting that he "only obtained 9 credits out of a total of 135 in an accredited institution," a fact not found by the ALJ. While the Board properly rejected the ALJ's construction of the statute, its own construction of the statute was also erroneous, and its finding of facts not found by the ALJ was improper. When an agency's construction of a statute or rule necessitates additional fact-finding, the proper procedure is for the agency to remand the case to the hearing officer for that purpose. In this case, remand to the ALJ is not necessary, because the factual findings necessary for a determination of whether appellant met the "institutional accreditation" requirement as construed by this court were already included in the recommended order. On remand, the Board is directed to modify paragraph six of its final order by deleting the third sentence containing the improper findings of fact and by modifying the last sentence to read: "The only way to give effect to the requirement of having been enrolled at an accredited institution is by construing section 490.033(7)(a)1. to require the institution to have been accredited during the entire time *1076 the applicant was enrolled, as well as when the applicant graduated."
The ALJ found that, except for an internship, appellant's doctoral program at The Union Institute "was comparable to an APA approved program" and that the internship he undertook under the supervision of a Florida psychologist "was comparable to an internship that would have been required from a doctoral program approved by the APA." Based upon these findings, the ALJ concluded that appellant "augmented his education with the type internship that would have been included in an APA comparable doctoral program." He ruled that the Board is authorized by section 490.005(1)(b)3. "to accept evidence that a candidate has augmented his or her education" and concluded that appellant's "doctorate in a psychology program, as augmented by the post-doctorate internship, was comparable to an APA approved doctorate program." The Board granted the exception to these findings, concluding that the ALJ had misconstrued section 490.005(1)(b)3.:
The statute does not authorize the Board to "accept evidence that a candidate has augmented his or her education" in an ad hoc fashion. Instead, that section equates certification of augmented doctoral level education from the program director of an accredited program with the "doctoral-level psychological education" referenced in Sections 490.005(1)(b)1. and 2., Florida Statutes. Furthermore, there is no finding of fact or conclusion of law to support the notion that the Administrative Law Judge treated the testimony of an expert witness as a certification pursuant to Section 490.005(1)(b)3., Florida Statutes.
(Emphasis in the original.) The Board properly rejected the ALJ's construction of section 490.005(1)(b)3. However, to the extent the final order can be read to indicate that the ALJ could have treated Dr. Singer's expert witness testimony as the "certification" required by section 490.005(1)(b)3., it is in error. On remand, the Board is directed to modify paragraph five by deleting the last sentence.
The case is REMANDED to the Board for modification of the final order consistent with this opinion. The final order, as so modified is AFFIRMED.
KAHN, J., concurs.
BENTON, J., concurs in result.
NOTES
[1] At the request of the parties for a pre-hearing ruling on the applicable law, the Administrative Law Judge ruled that the 1995 amended statute, which became effective on October 1, 1995, after the application was filed and after the notice of intent to deny was issued, and rule 59AA-11.003(4), as amended on January 7, 1996, in response to the amendment to the statute, applied in this case because the licensure application was still "pending." Neither party has challenged this ruling.