PER CURIAM.
Miami-Dade County appeals from an order of the Director of the Division of Un *575 employment Compensation, finding that county poll workers are employees entitled to unemployment compensation. Because we find that members of precinct election boards are not county employees within the meaning of Florida’s Unemployment Compensation Law, we reverse.
A county poll worker requested that payments made to her as a poll worker be used in determining her entitlement to unemployment compensation benefits. One of the Division’s field auditors interviewed the claimant and contacted the County for its response. Based on the information gathered, the auditor determined that the claimant and other poll workers were independent contractors and not county employees. The auditor’s determination was issued on June 6, 1997, after being reviewed by a supervisor.
On July 10, 1997, a Division redetermi-nation reversed the initial determination, finding the county’s poll workers to be employees. The County appealed the re-determination before a Special Deputy who concluded in a July 13, 1997 Recommended Order that the poll workers were not county employees. After submissions of exceptions and counter-exceptions by the parties, the Director of the Division entered his order on March 31, 1998, rejecting the Special Deputy’s conclusions, and finding the poll workers to be county employees.
The Director of the Division stated in his order that the findings of fact contained in the Special Deputy’s recommended order were based on competent, substantial evidence. The Special Deputy’s findings of fact are as follows:
The Petitioner is a county government. Provisions of Sections 101 and 102, Florida Statutes, which govern voting methods and procedures and conducting elections, define and govern the functions, duties and responsibilities of the members of election boards. In accordance with the provisions of Section 102.012, Florida Statutes, the Petitioner’s supervisor of elections appoints individuals to election boards for each election. These appointees fulfill the statutory functions of clerks and inspectors, with the Petitioner styling the clerks as precinct clerks and deputy clerks. These individuals are the poll workers engaged by the Petitioner whose status is at issue in this case.
Although the Petitioner considered the poll workers to be its employees for a period of time which has not been established, the Petitioner subsequently concluded otherwise. The two poll workers who testified at the hearing in this case believe that they are the Petitioner’s employees. No verbal or written agreements are established between the Petitioner and the poll workers concerning employment status.
The poll workers engaged by the Petitioner must meet with statutory requirements of being registered voters, and of being able to read and write English. The Petitioner’s supervisor of elections makes selections of appointees to serve as poll workers from a list of eligible voters who have volunteered for such appointments, offering appointments to individuals in the order of their experience in having served as poll workers. The poll workers are usually offered appointments to the election boards for the precincts where they are registered to vote, but if there is a shortage of available individuals elsewhere, they may be offered appointments to other precincts. The individual poll workers have the discretion to decline any appointment offered by the Petitioner for any particular election, without this adversely impacting upon whether they will be offered other such appointments by the Petitioner.
As required by statute, the Petitioner’s supervisor of elections determines the amounts that are paid to the poll workers for their services. The poll workers are paid a set amount for their service performed on an election day. This amount is not dependent upon the *576 amount of time that they are at work. In order to receive payment for their services, the poll workers sign and submit a payroll form to the Petitioner. The Petitioner makes no tax payments upon, nor withholdings or deductions from the payments made to the poll workers. Those poll workers who are otherwise the Petitioner’s acknowledged employees in other jobs, but who are granted administrative leave to serve as poll workers when appointed, are also paid in this fashion for their services as poll workers.
In accordance with a statutory requirement placed upon supervisors of elections, the Petitioner provides training and retraining to the poll workers in how to properly perform and meet their statutory duties and responsibilities. The Petitioner also provides the poll workers with manuals setting forth what they are to do and how to do it in performing their particular statutory duties.
Under statutory mandate, the Petitioner arranges for or provides the polling places which are the work places for the poll workers, and also provides all of the facilities, equipment, materials and supplies necessary for the work to be done by these workers in the conduct of an election. The Petitioner compensates the precinct clerks for their travel to pick up and to subsequently return ballots and supplies on election day.
Each individual poll worker has the statutory responsibility for performing then-duties properly and lawfully, in accordance with a statutorily mandated oath or affirmation. Each precinct clerk is vested by statute with the responsibility of assuring that the particular election board carries out its duties and responsibilities. The Petitioner’s supervisor of elections does not construe the statute to allow him the authority to remove an appointed member of an election board from their position. The Petitioner will, if necessary, seek to have a precinct clerk who acts in violation of the law arrested and removed, and will appoint replacements for poll workers who are absent or who depart while an election is being conducted.
The Petitioner instructs the poll workers of the time that the statute requires them to report to the polling place where they are to perform their services. The Petitioner relies upon the poll workers, under the responsibility of each precinct clerk, to perform their services properly without on-site supervision or direction from the Petitioner. The office of the Petitioner’s supervisor of elections employs individuals as troubleshooters who are available to travel throughout the county during an election to answer questions and to provide support and assistance when it may be requested by a precinct clerk. The office of the Petitioner’s supervisor of elections also commonly receives numerous telephone calls from poll workers asking questions about what to do or how to do something properly during an election. In response to such calls, the poll workers are provided with information or instructions as requested.
In reaching his decision, the Director of the Division adopted these findings but reached the opposite conclusion. The County now appeals.
We begin by observing that section 443.036(19), Florida Statutes (1997), contained in Florida’s “Unemployment Compensation” statute, provides, in pertinent parts, the following:
(19) EMPLOYMENT — “Employment,” subject to the other provisions of this chapter, means any service performed by an employee for the person employing him or her.
(a) Generally.—
1. The term “employment” includes any service performed prior to January 1, 1978, which was employment as defined in this subsection prior to such date and, subject to the other provisions of this subsection, services performed *577 after December 31, 1977, including services in interstate commerce, by:
[[Image here]]
b. Any individual who, under the usual common-law rules applicable in determining the employer-employee relationship, has the status of an employee....
Section 443.036 further provides exceptions to the law requiring governmental workers to be allowed to receive unemployment benefits, such as elected officials and members of a legislative body.
The Division’s final order concluded that poll workers are supervised by the County in the performance and the manner of their duties. Applying the test set forth in Cantor v. Cochran, 184 So.2d 173 (Fla.1966), the Division’s final order found substantial competent evidence that the poll workers were County employees rather than independent contractors.
We acknowledge that it is well-established that the relationship of employer and employee requires the employer’s control over the employee’s conduct. This exercise of control over the employee is what distinguishes an independent contractor from a servant. See La Grande v. B & L Servs., Inc., 432 So.2d 1364 (Fla. 1st DCA 1983); Collins v. Federated Mut. Implement and Hardware Ins. Co., 247 So.2d 461, 463 (Fla. 4th DCA 1971). However, we agree with the County’s position that while the element of control is a factor in analyzing the status of an election inspector or other appointed official, a public officer is not an independent contractor. Thus, the test adopted in Cantor is not controlling, contrary to the Division’s contention.
Florida courts distinguish between an employee and a public officer. See State ex rel. Clyatt v. Hacker, 39 Fla. 477, 22 So. 721 (1897). In State ex rel. Holloway v. Sheats, 78 Fla. 583, 83 So. 508, 509 (1919), the Supreme Court of Florida stated:
The term ‘office’ implies a delegation of a portion of the sovereign power to, and possession of it by, the person filling the office, while an ‘employment’ does not comprehend a delegation of any part of the sovereign authority. The term ‘office’ embraces the idea of tenure, duration, and duties in exercising some portion of the sovereign power, conferred or defined by law and not by contract. An employment does not authorize the exercise in one’s own right of any sovereign power or any prescribed independent authority of a governmental nature; and this constitutes, perhaps, the most decisive difference between an employment and an office, and between an employee and an officer.
(citations omitted); see generally 3 McQuillin on Municipal Corporations, §§ 12.29 and 12.30 (rev.vol.1990).
We believe, as the Special Deputy found, that the controlling aspects of the County’s relations with these poll workers arise from the statutory regulation of the functions and activities of the poll workers rather than from control established by the County. Moreover, the undisputed findings of fact indicate that the County acts in accordance with statutory mandates governing voting and elections to engage these poll workers, doing no more than the statute requires be done to appoint, train, and direct them in the performance of their duties as members of election boards.
Election inspectors and clerks, as members of precinct election boards, occupy a public office created by law, their powers and duties are prescribed by law, and the law provides for the manner of their appointment. See generally 28 Am.Jur.2d Election Officers § 89 (1966). Election inspectors and clerks are referred to as “election officials” throughout chapters 101 and 102, Florida Statutes. They are appointed, not hired, and are required to take an oath of office, and perform only those duties that are prescribed by Florida law. See § 102.012, Fla. Stat. (1997). Florida courts have repeatedly recognized election inspectors as public officers, although most of these cases have dealt with *578 challenges to election results due to alleged irregularities. See, e.g., Pickett v. Russell, 42 Fla. 116, 28 So. 764 (1900). Members of precinct election boards are answerable not to the supervisor of elections, but rather to legal authorities such as the state attorney and the courts, as the County’s witness testified in the hearing below. See also Op. Att’y Gen. Fla. 72-331 (1972).[1]
The Special Deputy further concluded, “Any aspects of control over these poll workers by the Petitioner are shown to amount only to such control by government regulation which cannot, in itself, establish an employer-employee relationship.” Furthermore, as he correctly found, governmental regulations constitute supervision not by the employer but by the state. See Global Home Care, Inc. v. State, Dept. of Labor and Employ. Sec., 521 So.2d 220 (Fla. 2d DCA 1988); La Grande v. B & L Servs., Inc., 432 So.2d 1364 (Fla. 1st DCA 1983).
In sum, we agree with the Special Deputy that there has been no showing that the County initiates or exercises such controls over the activities of the poll workers in the performance of their duties or that the County integrates these workers in its functional organization, beyond what is required by statute. Thus, we find that there has been no showing that the poll workers are the County’s employees.[2] For the foregoing reasons, we reverse the Division Director’s order and remand with directions to reinstate the Special Deputy’s Recommended Order, finding that the poll workers are not County employees for purposes of receiving unemployment compensation benefits.

. See State ex rel. Knott v. Haskell, 72 Fla. 176, 72 So. 651 (1916), for an explanation of the potential conflict of interest that would arise if members of election boards were answerable to the supervisor of elections.

. Section 443.036(19), Florida Statutes (1997), was amended in 1998 to add sub-paragraph e., in subsection 21(d)4. The legislature has clarified that for purposes of exclusions for unemployment compensation benefits, the term "employment” does not apply to services performed in the employ of a governmental entity referred to in paragraph (b), if such services are performed by an individual in the exercise of duties: "As an election official or election worker if the amount of remuneration received by the individual during the calendar year for such services is less than $1,000.” See ch. 98-154, § 1, Laws of Fla.