PER CURIAM.
Appellant, Ms. Johnson, seeks review of a Final Order from Appellee, Florida Department of Management Services, Division of Retirement (“Division”), which determined that Ms. Johnson was not entitled to Deferred Retirement Option Program (“DROP”) or monthly retirement benefits. Appellant contends the Division erred in determining that she was an “employee” of the Caring and Sharing Learning School in concluding she was not entitled to benefits. We conclude the Division erred in making this determination, and therefore, we reverse and remand.
One seeking DROP benefits and retirement benefits must terminate all “employment” with any and all Florida Retirement System (“FRS”) employers for the next calendar month. Fla. Stat. §§ 121.021(11), (39)(a); 121.091(13)(e)(5)(d) (2004). Therefore, whether one is an “employee” of an FRS employer during the next calendar month is a dispositive issue regarding whether that person may receive those benefits. In the Recommended Order, the ALJ expressly declined to determine whether Ms. Johnson was an “employee” in determining she was entitled to benefits. The Division, deciding on a different basis than the ALJ, included in its Final Order that Ms. Johnson was an employee and not entitled to benefits. The Division argues on appeal that even if it was not found by the ALJ, whether one is an “employee” is a conclusion of law, so the Division had authority to modify or reject that conclusion of law in the Final Order.
This Court, however, already decided that whether one is an “employee” in this context is a factual finding, not a conclusion of law. In Tamburello v. State of Fla., Dep’t of Mgmt. Svcs., Div. of Retirement the Division of Retirement made a similar argument to the one alleged in this case: the “employee/independent contractor distinction” is a “mixed question of law and fact infused with policy considerations.” 657 So.2d 32, 33 (Fla. 1st DCA 1995). This Court, however, concluded “the employee/independent contractor issue [is] ... a question of fact, not a question of law or policy” because the “determination is susceptible to ordinary methods of proof and is within the authority of the trier of fact.” Id. Therefore, the Division erred in independently concluding Ms. Johnson was an employee because factual determinations are to be made by the hearing officer and only altered if they lack competent, substantial evidence to support such finding. See § 120.57(1)(l). “When an agency’s construction of a statute or rule necessitates additional fact-finding, the proper procedure is for the agency to remand the case to the hearing officer for that purpose.” Grier v. State, Agency for Health Care Admin., Bd. of Psychology, 704 So.2d 1072, 1075 (Fla. 1st DCA 1997). Accordingly, we reverse and remand this case to the Division with instructions for the ALJ to make the necessary factual finding as to whether Ms. Johnson was an “employee” with the Caring and Sharing Learning School.
REVERSED AND REMANDED WITH INSTRUCTIONS.
VAN NORTWICK, LEWIS, and ROBERTS, JJ., concur.